UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

WAGNER EQUIPMENT CO.,

    Plaintiff,

v.                                                                             Civ. No. 11-466 MV/ACT

JASON WOOD, individually
and dba PAMF Excavation and Logging,
and PAMF Excavation, LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss Count III of Plaintiff's Complaint [Doc. 5], Plaintiff's Motion for Leave to File Amended Complaint [Doc. 19], Defendants' Motion to Strike Affirmative Defenses [Doc. 23], Defendants' Motion for Summary Judgment on Plaintiff's Business Defamation Claims [Doc. 40], and Plaintiff's Motion to Postpone Ruling on Motion for Summary Judgment Pursuant to Rule 56(d) [Doc. 48]. The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, finds that: Defendants' Motion to Dismiss Count III of Plaintiff's Complaint will be GRANTED; Plaintiff's Motion for Leave to File Amended Complaint will be DENIED; Defendants' Motion to Strike Affirmative Defenses will be DENIED as moot; decision on Defendants' Motion for Summary Judgment on Plaintiff's Business Defamation Claims will be DEFERRED; and Plaintiff's Motion to Postpone Ruling on Motion for Summary Judgment Pursuant to Rule 56(d) will be GRANTED.

## BACKGROUND

In October 2010, Defendants purchased from Plaintiff a Caterpillar 501 Harvester for use in their logging operations. Doc. 1-2, ¶¶ 6-7. Defendants experienced problems with the operation of the Harvester. *Id.* ¶ 8. To remedy the situation, the parties agreed that Plaintiff would make certain payments to Defendants and perform repairs to the Harvester. *Id.* ¶ 10. The parties' agreement was memorialized in a Settlement Agreement and Release, effective March 9, 2011. *Id.* According to Plaintiff, despite the fact that Plaintiff had "materially performed all of its obligations under the Settlement Agreement," Defendants "unilaterally declared the settlement agreement 'nullified.'" *Id.* ¶ 12. Thereafter, Defendants raised their concerns about the Harvester to Cat Inc., the manufacturer, who agreed to cause additional repairs to be performed, and Plaintiff agreed to perform the repairs. *Id.* ¶¶ 13-14. Plaintiff contends that before it could complete the repairs, Defendants undertook an email campaign to slander Plaintiff's name in the business community. *Id.* ¶ 15.

On May 10, 2011, Plaintiff filed the instant action against Defendants in New Mexico state court. On June 1, 2011, Defendants removed the case to this Court under federal diversity jurisdiction. In its Complaint for Injunctive Relief, Business Defamation and Breach of Contract, Plaintiff alleges a claim of business defamation and a claim of breach of contract.

Defendants filed a motion to dismiss the breach of contract claim on the basis that Plaintiff makes only conclusory assertions that are insufficient under the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, as recently interpreted by the Supreme Court. Plaintiff opposed the motion, but also filed a motion for leave to amend the complaint, attaching a proposed amended complaint to add allegations as to its breach of contract claim, in addition to adding a new claim of breach of the covenant of good faith and fair dealing.

Defendants oppose Plaintiff's motion for leave to amend on the basis that allowing amendment would be futile, as Plaintiff's proposed amended complaint still fails to meet the Rule 8(a) pleading requirements, both as to breach of contract and as to breach of the covenant of good faith and fair dealing.

Defendants also filed a motion to strike certain of Plaintiff's affirmative defenses. Rather than responding to the motion, Plaintiff filed a Notice withdrawing those affirmative defenses.

Finally, Defendants filed a motion for summary judgment on Plaintiff's business defamation claim, arguing that, based on the undisputed facts, Plaintiff cannot prove five of the elements required to prevail on a claim of defamation against a private person. Plaintiff filed a response in opposition to the motion. In addition, Plaintiff filed a motion to postpone this Court's ruling on Defendants' summary judgment motion until after completion of discovery in this matter. Plaintiff argues that additional discovery likely will result in evidence establishing material facts as to the elements of Plaintiff's defamation claim.

## DISCUSSION

I. Defendants' Motion to Dismiss and Plaintiff's Motion to File Amended Complaint

    A. Legal Standard

        1. Motion to Dismiss

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Ashcroft v. Iqbal*, the Supreme Court articulated the pleading standard of Rule 8 as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

129 S. Ct. 1937, 1949 (2009) (citations omitted).

Although this standard does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Accordingly, a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a case of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Nor does a complaint suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, while the Court must take all of the factual allegations in the complaint as true, "a plaintiff armed with nothing more than conclusions" cannot survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1950.

        2.      <u>Motion for Leave to File Amended Complaint</u>

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Despite the liberal nature of this standard, a district court may refuse to allow amendment if it would be futile. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). Amendment of a complaint is futile "if the complaint, as amended, would be subject to dismissal." *Id.* (citation omitted).

Accordingly, the question of whether an amendment is futile is "functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim." *Goheir v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

      B.      <u>Adequacy of the Complaint and the Proposed Amended Complaint</u>

To state a claim for breach of contract under New Mexico law, a plaintiff must allege "the existence of a contract, breach of the contract, causation, and damages." *Abreu v. N.M. Children, Youth & Families Dep't*, 797 F. Supp. 2d 1199, 1247 (D.N.M. 2011). Here, Count III of Plaintiff's original Complaint, entitled, "Breach of Contract," alleges: "PAMF's actions described herein constitute a breach of the Settlement Agreement and Release" (*Id.* ¶ 29); and "Wagner has suffered damage as a proximate result of PAMF's breach" (*Id.* ¶ 30). These allegations are insufficient to meet the pleading standard of Rule 8(a), as articulated by the Supreme Court in *Iqbal*. *See GKE Enters., LLC v. Ford Motor Credit Co. LLC*, No. 09-4656, 2010 WL 2179094, *3 (D.N.J. May 26, 2010) (finding allegations virtually identical to those alleged here fail to state a claim under state law requiring same elements for breach of contract). Indeed, these allegations are precisely the sort of "conclusory allegations and legal conclusions that will not suffice to raise Plaintiff's right to relief above the speculative level." *Id.*

For example, the Complaint "neither alleges which provision of the contract Defendant[s] breached, nor how Defendant[s] breached it." *Id.* The only allegation that could be construed as a breach of the settlement agreement is paragraph 12, where Plaintiff claims "PAMF unilaterally declared the settlement agreement 'nullified.'" Doc. 1-2, ¶ 12. As Defendants note, however, Plaintiff nowhere alleges that this declaration was a breach. Further, such a conclusion is called into question by Plaintiff's further allegations that, after Defendants'

declaration, Defendants continued to seek assistance with repairs of the Harvester, which repairs Plaintiff agreed to undertake. *Id.* ¶¶ 13-14. Nor does Plaintiff allege facts specifying how Defendants caused it to suffer damages, or the nature of the damages suffered. Because Plaintiff's Complaint thus offers no more than a formulaic recitation of the elements of a breach of contract claim, it "failed to put [Defendants] on notice as to the substance of this claim," as required by Rule 8. *GKE Enters.*, 2010 WL 2179094, at *3. Accordingly, Plaintiff's breach of contract claim, as set forth in the original Complaint, must be dismissed without prejudice.

Perhaps anticipating this ruling, Plaintiff seeks leave to file an Amended Complaint "to particularly allege additional specific facts in support of its breach of contract claim and assert an additional claim for breach of the duty of good faith and fair dealing." Doc. 19, ¶ 5. Generally, Plaintiff would be permitted leave to amend its complaint in order to remedy these pleading insufficiencies. Here, however, Plaintiff's proposed Amended Complaint would be subject to dismissal, and amendment thus would be futile.

With regard to the breach of contract claim, Plaintiff's proposed Amended Complaint identifies the following actions by Defendants as constituting a breach of the settlement agreement: "refusing Wagner reasonable access to the Harvester under the Settlement Agreement," and "placing Wagner in a position to have to defend claims that had been released by the Settlement Agreement" by "renewing its damages claims against Wagner." Doc. 19-1, ¶¶ 28, 11. The Court agrees with Defendants that these additional allegations fail to nudge Plaintiff's claim from possible to plausible, as required by *Iqbal*. First, Plaintiff has not identified which provision in the settlement agreement was breached by Defendants' alleged refusal to allow Plaintiff access to the Harvester. Indeed, a review of the settlement agreement

6

demonstrates that there is no provision obligating Defendants to provide Plaintiff access to the Harvester.  This allegation thus cannot constitute a basis for a breach of contract claim.

Further, Plaintiff's bare assertion that Defendants renewed their damage claims, thereby causing Plaintiff to have to defend claims released by the settlement agreement, without any explanation of what Defendants did to renew their damages claim, does not adequately allege facts constituting a breach of contract.  Without any "further factual enhancement," these conclusory allegations fail to put Defendants on notice as to the substance of Plaintiff's breach of contract claim.  Moreover, as did the original Complaint, the proposed Amended Complaint fails to include any allegations specifying how Defendants caused it to suffer damages, or the nature of the damages suffered.  Plaintiff's proposed Amended Complaint thus fails to cure the pleading deficiencies present in its original breach of contract claim, and the few additional facts Plaintiff has added would be insufficient to withstand a motion to dismiss under the pleading standard of Rule 8(a), as articulated by the Supreme Court in *Iqbal*.

Plaintiff's proposed Amended Complaint similarly fails to state a claim of breach of the covenant of good faith and fair dealing.  Under New Mexico Law, "every contract imposes upon the parties a duty of good faith and fair dealing in its performance and enforcement." *Bhandari, M.D., v. VHA Sw. Cmty. Health Corp.*, No. 09-0932, 2011 WL 1336512, *14 (D.N.M. Mar. 30, 2011).  It is a breach of the covenant "to act in bad faith."  NMRA, Civ. UJI 13-832.  Good faith requires that "neither party do anything which will deprive the other of the benefits of the agreement." *Bhandari*, 2011 WL 1336512 at *14.  A breach of the duty of good faith and fair dealing thus "requires a showing of bad faith or that one party wrongfully and intentionally used

7

the contract to the detriment of the other party." *Sanders v. Fedex Ground Package Sys., Inc.*, 2008-NMSC-40, ¶ 7, 144 N.M. 449, 188 P.3d 1200.

The proposed Amended Complaint alleges that "PAMF's actions complained of herein were undertaken by PAMF with deliberate disregard for the contractual rights of Wagner and in a manner which deprives Wagner of the right to receive the benefits of the Settlement Agreement and thus constitutes a breach of the implied covenant for good faith and fair dealing." Doc. 19-1, ¶ 32. This statement "amounts to the kind of conclusory and unadorned allegation that *Iqbal* held will not suffice to state a claim under Rule 8(a)." *Coldwell Banker Real Estate, LLC v. Plummer & Assocs., Inc.*, No. 09-1313, 2009 WL 3230840, *4 (D.N.J. Oct. 2, 2009) (finding allegations virtually identical to those alleged here fail to state a claim under state law requiring same elements for breach of covenant of good faith and fair dealing). As Defendants argue, Plaintiff fails to provide any factual basis for its claim that unspecified actions were taken by Defendants with deliberate disregard for the contractual rights of Wagner. Indeed, the proposed Amended Complaint nowhere alleges that any of Defendants' actions were fueled by bad faith, "an essential element of a claim for breach of the implied covenant of good faith and fair dealing." *Id.* Because Plaintiff fails to allege facts to support its claim that Defendants acted in bad faith or intentionally used the settlement agreement to Plaintiff's detriment, Plaintiff's claim of breach of the covenant of good faith and fair dealing is based on no more than bare assertions and conclusions. This claim thus would not survive a motion to dismiss under the Rule 8(a) pleading standard, as articulated by the Supreme Court in *Iqbal*.

For these reasons, allowing Plaintiff to amend its Complaint to include the proposed language on its breach of contract claim and to add its claim of breach of the covenant of good

faith and fair dealing would be futile.  Plaintiff's motion for leave to file the proposed Amended Complaint thus must be denied.

II.	Defendants' Motion to Strike Affirmative Defenses

On August 11, 2011, Defendants moved to strike Plaintiff's sixth, ninth, and eleventh defenses.  On September 2, 2011, Plaintiff filed a Notice of Withdrawal of Certain Affirmative Defenses, withdrawing its sixth, ninth, and eleventh defenses.  Plaintiff's withdrawal of the affirmative defenses at issue in Defendants' motion to strike renders that motion moot.  Accordingly, Defendants' Motion to Strike Affirmative Defenses is denied as moot.

III.	Plaintiff's Motion to Postpone Ruling on Defendants' Summary Judgment Motion

A.	Legal Standard

Rule 56(d) of the Federal Rules of Civil Procedure provides that the Court may defer considering a motion for summary judgment if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d)(1).  "A party seeking to defer a ruling on summary judgment under [Rule 56(d)] must file an affidavit that explains why facts precluding summary judgment cannot be presented." *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007) (citation omitted).  It is insufficient to state "that discovery is incomplete." *Id.*  Rather, the requesting party must "identify the probable facts not available and what steps have been taken to obtain these facts," in addition to "how the additional material will rebut the summary judgment motion." *Id.* at 1308-09.  The policy behind Rule 56(d) is to safeguard against an "immature or improvident grant of summary judgment . . . where the non-moving party has not had the opportunity to discover information that is essential to [its] opposition." *Gulfstream Worldwide Realty, Inc. v.*

9

*Philips Elecs. N.A. Corp.*, No. CIV 06-1165, 2007 WL 5685127, *7 (D.N.M. Oct. 19, 2007) (citations omitted).  Consistent with this policy, "unless dilatory or lacking in merit, [a Rule 56(d)] motion should be liberally treated."  *Id.* (citation omitted).

      B.      <u>Merits of Plaintiff's Request for Postponement</u>

On September 28, 2011, Defendants filed a motion for summary judgment on Plaintiff's business defamation claim.  In support of their motion, Defendants argue that no evidence exists as to five of the nine elements that Plaintiff must prove in order to prevail on a claim for defamation against a private person under New Mexico law.  Although Plaintiff filed a response in opposition to the motion, Plaintiff also filed a Rule 56(d) motion requesting that the Court defer ruling on the motion until after completion of discovery, and allow Plaintiff two weeks after completion of discovery to respond or supplement its response to the motion.

In support of its motion, Plaintiff submitted an affidavit of its attorney, setting forth her position that further discovery will reveal evidence sufficient to defeat summary judgment. Plaintiff's attorney identified probable facts that would establish evidence of at least some of the elements of a defamation claim, namely that the communications at issue were false and that the recipients of those communications understood them to be defamatory.  Plaintiff's attorney further indicated that she expected those facts to be developed through depositions that had not, at the time of the motion, been taken.  In its reply brief, Plaintiff stated that Defendant Jason Wood's deposition had since been taken and established evidence to support the required elements of falsity and publication of false statements.

The Court finds it a proper exercise of its discretion to grant Plaintiff's motion and defer ruling on Defendant's summary judgment motion until the close of discovery.  Plaintiff's

affidavit meets the specificity required under Rule 56(d). Moreover, as Plaintiff notes, Defendants' motion was filed early in this case. As a result of motions jointly filed by the parties, the close of discovery has been extended to May 29, 2012. As the parties agree that additional discovery is necessary in order to develop their claims and defenses, it would be immature or improvident to grant summary judgment at this point.

In order to allay Defendants' concern that deferring a decision would improperly allow Plaintiff the opportunity to file multiple pleadings on the same issue, the Court will strike Plaintiff's response, filed on November 14, 2011, and will not consider that document in reaching its decision on Defendants' motion. Plaintiff must file its response no later than June 12, 2012, and Defendants will have an opportunity to file a reply in accordance with the relevant federal and local rules of civil procedure. The Court will defer its decision on Defendants' summary judgment motion until briefing is complete, in accordance with this schedule.

## **CONCLUSION**

Plaintiff has failed properly to state a claim of breach of contract. Accordingly, its breach of contract claim is dismissed. Plaintiff's proposed Amended Complaint similarly would fail properly to state a claim of breach of contract or breach of the covenant of good faith and fair dealing. Because amendment of the Complaint thus would be futile, Plaintiff's motion for leave to file an Amended Complaint is denied. Because Plaintiff withdrew the affirmative defenses that were the subject of Defendants' motion to strike, Defendants' motion to strike is denied as moot. Because it would be immature or improvident to grant summary judgment before Plaintiff has the opportunity to discover information essential to its opposition, Plaintiff will have two weeks after the close of discovery to file a response to Defendants' summary

judgment motion, Defendants will have an opportunity to file a reply in accordance with the Rules, and the Court will defer decision on the motion until after briefing is complete.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Count III of Plaintiff's Complaint [Doc.5] is **GRANTED**; Plaintiff's Motion for Leave to File Amended Complaint [Doc.19] is **DENIED**; Defendants' Motion to Strike Affirmative Defenses [Doc.23] is **DENIED as moot**; decision on Defendants' Motion for Summary Judgment on Plaintiff's Business Defamation Claims [Doc.40] is **DEFERRED** in accordance with this opinion; and Plaintiff's Motion to Postpone Ruling on Motion for Summary Judgment Pursuant to Rule 56(d) [Doc.48] is **GRANTED**, as follows: (1) Plaintiff's Response to Motion for Summary Judgment [Doc. 49] is stricken; (2) Plaintiff must file a response to Defendants' Motion for Summary Judgment on Plaintiff's Business Defamation Claims [Doc. 40] no later than June 12, 2011; (3) Defendants will have an opportunity to file a reply in accordance with the relevant federal and local rules of civil procedure; and (4) the Court will defer its decision on Defendant's summary judgment motion [Doc. 40] until briefing is complete, in accordance with this schedule.

DATED this 20th day of March, 2012.

_____
MARTHA VÁZQUEZ
United States District Court Judge

12