### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

**WAGNER EQUIPMENT CO.,**

     **Plaintiff,**

**v.**                                  **Civ. 11-466 MV/ACT**

**JASON WOOD, Individually and**
**d/b/a PAMF Excavation and**
**Logging and PAMF Excavation, LLC,**

     **Defendants.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Compel and Strike [Doc. 71]. At issue are several e-mail trails for which Plaintiff claims attorney client privilege or work product immunity. The documents were submitted to the Court for *in camera* review. For the reasons set forth below, the Motion is granted in part and denied in part.

Plaintiff's Complaint [Doc. 1] seeks injunctive relief and alleges business defamation and breach of contract. From the Court's review of the Complaint, and the e-mails submitted, the parties' business dealings became acrimonious when the Caterpillar Harvester purchased by Defendants did not operate properly and repairs to the machine were allegedly not made or were not performed in a satisfactory manner. The documents submitted to the Court for *in camera* review primarily concern discussions among Plaintiff's executives concerning Defendants' contentions and the deteriorating relationship.

**LAW REGARDING ATTORNEY CLIENT PRIVILEGE**

New Mexico Rule of Evidence 11-503(B)[1] defines the general rule of privilege:

> A client has a privilege to refuse and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client . . . .

The privilege attaches to confidential communications between, *inter alia*,  (1) the client and her lawyer or her lawyer's representative; and (2) the client's lawyer and the lawyer's representative. N.M.R.Evid. 11-503(B)(1) & (2). The privilege protects confidential communications, not facts or communications regarding business strategy or advice which neither solicit or predominately deliver legal advice.  *State v. Steinkraus*, 417 P.2d 431, 432 (N.M. 1966); *Anaya v. CBS Broadcasting, Inc.,* 251 F.R.D. 645, 650 (D.N.M. 2007).  "[B]ecause all privileges are 'in derogation of the search for truth,' both [the attorney client privilege and the work product doctrine] are narrowly construed." The party asserting the protection has the burden of "clearly showing" that it applies.  *Lindley v. Life Investors Ins. Co.*, 267 F.R.D. 382, 388 (N.D. Okla. 2010).

**LAW REGARDING WORK PRODUCT IMMUNITY**

"[U]nlike the attorney-client privilege, which is designed to protect the client's confidences, the work product doctrine is designed to protect the adversary process." J. Moore,  Moore's Federal Practice § 26.70(6)(a) (3d. ed.2006)."The goal of the attorney work product doctrine is to protect an attorney's subjective analysis and substantive efforts in, or in anticipation of, litigation from use by the adverse party."  *Lindley*, 267 F.R.D.  at 388 (internal quotation marks & citation omitted).

---

[1]  This is a diversity case and in such cases attorney client privilege is determined by state law, but federal law determines the availability of work product immunity.  *Frontier Refining v. Gorman-Rupp Co.*, 136 F.3d 695, 702 n.10 (10th Cir. 1998).

"Establishing work-product protection often depends on a showing that there was a reasonable threat of litigation and that the threat was the motivation for creating the document(s) in question. *Id.* at 394. "'In anticipation of litigation' contains two related, but nevertheless distinct, concepts. One is temporal. The other is motivational." *Id.* (quoting *United States ex rel. Fago v. M & T. Mortgate Corp.*, 238 F.R.D. 3, 6 (D.D.C. 2006)). As explained by the court, the critical inquiry is whether the document would have been created regardless of the anticipated litigation. *Id.* As stated by one authority:

> (1) Were the documents prepared in the ordinary course of business, such as an insurance company's investigatory files? (2) Was there an independent business purpose for which the documents would have been prepared even if there had been no litigation anticipated?
>
> If the answer to either question is yes, then there is no need to accord the document work-product protection.

Edna Selan Epstein, The Attorney-Client Privilege and the Work Product Doctrine, Vol. II at 855 (5th Ed.).

"Prudent parties anticipate litigation and begin preparation prior to the time suit is formally commenced. Thus the test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." 8 Charles A. Wright, *et al.*, Federal Practice and Procedure, § 2024, p. 343 (1994 ed.).

## DISCUSSION

The documents submitted to the Court for *in camera* review are e-mails or e-mail strings between and among executives at Wagner. Plaintiffs assert that one e-mail is protected by the work product doctrine and the rest by the attorney client privilege. Each document is discussed in turn and identified by Bates number.

Wagner0691 This e-mail references a discussion with counsel and advice given by counsel and is therefore privileged.

Wagner0692 to 0694  These are an e-mail  from Defendant being  forwarded from one Wagner executive to another, with another e-mail suggesting that counsel should probably see the e-mail from Defendant.  These are not privileged communications because they do not reveal confidential client communications.  These documents will be produced.

Wagner0695 to 0698 These are e-mails among Wagner executives and photographs of damage to the Harvester.  Wagner0695, the e-mail from Mike Quirk to Bruce Wanger, with a copy to Dave Barta contains some information regarding advice from counsel.  The second and third sentences in the e-mail at the top of the page may be redacted.  The remainder of this e-mail along with the remaining e-mails and photographs are not privileged and will be produced.

Wagner0700   This e-mail references advice from a third party's attorney and is not privileged and will be produced.

Wagner0701    This e-mail discusses advice from a third party's attorney and is not privileged and will be produced.

Wagner0706 to 0711  This is an e-mail string between and among Wagner executives, forwarding an e-mail from Defendant.  The only reference to counsel is that she was "in the process of modifying the demand notice to [Defendant] and the injunction that I sent you Tuesday."  Merely stating that counsel was modifying documents or pleadings does not reveal confidential client communications and these documents will be produced.

Wagner0712 to 0714  These are an e-mail forwarding a time-line of events and a copy of the time-line of events.  There is no reference indicating that the time-line was prepared at the request of counsel.  Likewise, there is nothing in the e-mail or in the time-line that would reveal confidential

communications.  Finally, there is nothing in the e-mail or the time-line that would reveal an attorney's subjective analysis of the matter.  The time-line is merely factual.  These documents are neither privileged nor immune from production under the attorney work product doctrine and therefore will be produced.

Wagner0715  This e-mail references specific communications with counsel and is privileged.

To summarize, all documents listed on the privilege log will be produced except for Wagner0691, the second and third sentences at the top of the page of Wagner0695 that are to be redacted, and all of Wagner0715.

Finally, Defendant objects to Plaintiff's "General Objections" and "Preliminary Statement," which Plaintiff submitted in its responses to the requests for production, claiming they are legally ineffective.  Defendant is correct.

In the event the parties have subsequent discovery disputes, the Court advises the parties to consider the following general principles when responding to discovery.  Boilerplate, blanket objections are improper.  *See Oleson v. K-mart Corp.*, 175 F.R.D. 570, 571 (D. Kan. 1997).  A party may not "reserve the right" to supplement its responses: the party has the *obligation* to supplement its responses. Fed.R.Civ.P. 26(e)(2).  If a proper objection is made, the party still has the obligation to answer as much of the interrogatory as it can or respond to those parts of a request for production to which there is no objection.  A "proper" objection is one that is tailored to the interrogatory or request for production, not a conclusory objection such as overbroad or unduly burdensome which neglects to say why the interrogatory or request for production is subject to that objection.  However, making an objection and then responding to the interrogatory waives the objection.  8A C. A. Wright, A. R. Miller, & R. L. Marcus Federal Practice & Procedure § 2173 (2d ed. 1994).

Assertions of privilege or work product immunity must be accompanied by a privilege log. *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (1984) (the party interposing an objection has the burden of establishing its claim of privilege or protection; a bald-faced assertion is insufficient).  Conclusory assertions of the confidential or proprietary nature of the information sought will not shield it from discovery.  *Cory*, *supra*; *DIRECTV*, *Inc.*, *supra*.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel and Strike [Doc. 71] is granted in part and denied in part as stated herein.

_____
ALAN C. TORGERSON
United States Magistrate Judge