IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WAGNER EQUIPMENT CO.,

     Plaintiff,

v.                                        Civ. 11-466 MV/ACT

JASON WOOD, individually and
d/b/a PAMF Excavation and Logging,
and PAMF Excavation, LLC,

     Defendants.

### <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on Defendants' Motion to File First Amended

Counterclaim [Doc. 78].[1]  The Court has received Plaintiff's Response [Doc. 93][2] and Defendants'

Reply [Doc. 98].  On June 26, 2012, the Honorable Martha Vazquez referred this matter to the

undersigned as a non-dispositive matter. [Doc. 128].  For the reasons set forth

### Factual Background

In October, 2010, Defendants purchased a Caterpillar 501 Harvester for use in their logging

operations.  Defendants experienced problems with the Harvester.  The parties agreed that Plaintiff

would make certain payments to Defendants and perform repairs to the Harvester.  <u>Complaint</u> [Doc.

1-2, ¶¶ 6-8.  The parties entered into a Settlement Agreement and Release on or about March 9, 2011

which detailed the parties' agreement as to money and repairs.  *See* Doc. 1-2 Exhibit A.  According

---

[1]  Defendants' Motion was filed within the deadline mandated by the Court in its Order Amending Case Management Deadlines and Rescheduling Rule 16 Settlement Conference [Doc. 61] and therefore Defendants did not file a memorandum in support of the motion.  Apparently for the same reason, counsel for the Defendants did not initially confer with counsel for Plaintiff to see if the motion would be opposed.  Defendants subsequently filed a Notice of Opposition [Doc. 86].

[2]  In the Court's Docket, the Response is incorrectly linked to Doc. 19 rather than Doc. 78.

to Plaintiff, it has completed its performance under the Settlement Agreement and, despite this completion of performance, Defendants declared the Settlement Agreement nullified.  Complaint, ¶ 12.  Thereafter, Plaintiff alleges that Defendants defamed  Plaintiff in the business community.

## Procedural Background

On May 10, 2011 Plaintiff filed this action in New Mexico state court and it was removed to this Court on June 1, 2011 pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).  The Complaint sought injunctive relief, damages for business defamation, and damages for breach of contract. [3]

On June 8, 2011, Defendants filed a counterclaim against Plaintiff [Doc. 8].  The counterclaim seeks damages for breach of contract, breach of the duty of good faith and fair dealing, breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, and malicious abuse of process.  *See* Doc. 8.

On February 15, 2012 Defendants sought leave to file their First Amended Counterclaim [Doc. 78], adding four additional claims to those listed above; namely:  negligent misrepresentation, fraud, constructive fraud, and violations of New Mexico Unfair Practices Act.  *See* Doc. 78-1.

## Discussion

"Leave to amend should be freely given 'when justice so requires,' Fed.R.Civ.P. 15(a)(2), but a district court may deny leave to amend if the amendment would be futile.'"  *Heavy Petroleum Partners, LLC v. Atkins*, 457 Fed.Appx. 735, 742 (10th Cir. 2012) (unpublished opinion) (quoting *U.S. ex.re. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009)).  Plaintiff argues that amendment would be futile.

---

[3]     By Memorandum Opinion and Order dated March 20, 2012 [Doc. 95], the district court granted Defendants' Motion to Dismiss Count III of the Complaint (breach of contract).

The basis of Plaintiff's argument is that the new claims are barred by the Settlement Agreement because Defendants "voluntarily released those claims when they entered into the Settlement Agreement." Response [Doc. 93] at 4. Plaintiff further argues that to allow Defendants to proceed with both breach of contract and theories of recovery based on fraudulent conduct "runs afoul of the doctrine of the election of remedies." Response at 5. Defendants may not, Plaintiff argues, accept performance of the Settlement Agreement by Plaintiff and at the same time declare it a nullity. "The law does not permit parties to simultaneously rescind and continue their contracts." Id. Finally, Plaintiff argues that Defendants' allegations in the four additional counts are too vague to meet the pleading requirements of Fed.R.Civ.P. 8.

**Futility**

Amendment is futile if the pleading, as amended, would be subject to dismissal for a failure to state a claim for relief. Wagner Equipment Co. v. Wood, 2012 WL 988022, *3 (D.N.M. 2012) (unpublished decision) (citing Goheir v. Enright, 186 F.3d 1216, 1218 (10th Cir. 1999).

"To prove fraud, a party must demonstrate evidence of an untrue statement, while to provide negligent misrepresentation, a party may demonstrate evidence that the statement was literally true but misleading." Bhandari v. VHA Southwest Community Health Corp., 2011 WL 1336512 (D.N.M. 2011) (unpublished decision0 (citing Eckhardt v. Charter Hosp. of Albuquerque, Inc., 953 P.2d **xx**, 735 (**xxx**)).

"Generally speaking, constructive fraud is a breach of a legal or equitable duty which the law declares fraudulent because of its tendency to deceive others. . . . An action for constructive fraud is maintainable where there is a nondisclosure of material facts and the person charged with the constructive fraud had a duty to speak under existing circumstances." Barber's Super Markets, Inc. v. Strykder, 500 P.2d 1304, 1309 (Ct. App. N.M. 1972).

3

Claims made under the Unfair Practices Act, NMSA 1978 § 47-12-2(D) & (E).  Section (D), unfair or deceptive trade practices, requires a "false or misleading oral or written statement . . . or other representation of any kind knowingly made in connection with the sale . . . of goods or services . . . ."  Section (E), unconscionable trade practices, requires "an act or practice in connection with the sale . . . of goods or services . . . [which] results in a gross disparity between the value received by a person and the price paid.  § 47-12-2(E)(2).

The operative alleged facts for all of these claims are included in Defendants' First Amended Counterclaim.  Plaintiff advised Defendants a "forestry salesman" would assist them with the purchase of the Caterpillar 501 Harvester.   Plaintiff was not an authorized Caterpillar Forestry Products dealer and the "forestry salesman" made misrepresentations about the condition of the Harvester/  ¶¶ 6-7.  The Harvester was inoperable and Plaintiff was unable to fix it.  Shortly thereafter, on or about March 9, 2011, the parties entered into the Settlement Agreement.  ¶¶ 16-17.  Under the terms of the Settlement Agreement, Plaintiff was required to return the Harvester to the condition as represented by Plaintiff at no cost to Defendants.  ¶ 18.  Thereafter, the repairs to the Harvester were untimely, ineffective, and Plaintiff caused additional damage to the Harvester.  ¶¶ 21-27.

Although the allegations of fraud do not give the time of day or precise locations, they are pled with enough factual data to withstand a motion to dismiss.  The other causes of action are sufficiently pled as well based on the case law cited.  Accordingly, the Court does not find that amendment would be futile.

**Election of remedies**

In a diversity case, such as this one, state law governs the doctrine of election of remedies.  *Bhandari*, 2011 WL 1336512, *32.  Under New Mexico law,

> [W]here two inconsistent or alternative rights or claims are presented to the choice of a party, by a person who manifests the clear intention that he should not enjoy both, then he must accept or reject one or the other; and so, in other words, that one cannot take a benefit under an instruction and then repudiate it.

*Id*. (quoting *Three Rivers Land Co. v. Maddoux*, 652 P.2d 240, 243 (N.M. 1982), *overruled on other grounds by Universal Life Church v. Coxon*, 728 P.2d 467 (N.M. 1986)) (additional citations omitted).

Under this doctrine, a party cannot avoid performance of a contract on the ground of fraud and retain the consideration received for the contract, because such conduct would have the effect of affirming the contract. *Id*. (citing *Branch v. Chamisa Development Corp. Ltd.*, 223 P.3d 942, 947 (Ct. App. N.M. 2009).

Defendants argue they have never sought recision of the contract, that the consideration given was incapable of being returned, and that the doctrine of "election of remedies" is inapplicable to this case.   The Court agrees with Defendants' contentions.

The First Amended Counterclaim alleges material breaches and fraud prior to entering into the Settlement Agreement.  The Settlement Agreement noted that Plaintiff had made payments to creditors and provided for repairs to be made to the Harvester.  Defendants are correct that there is no consideration to be returned to Plaintiffs.  There has been no claim for recision.  They are claiming monetary damages for the alleged fraudulent conduct of Plaintiff.

**<u>Pleading requirements</u>**

Although the motion before the Court is not one to dismiss, Plaintiff argues that Defendants' "vague" allegations in the four new counts would not survive a motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6).  The standard for pleading is that "a plaintiff must offer sufficient factual allegations to 'raise a right to relief above the speculative level.'" *Kansas Penn Gaming, LLC v.*

*Collins*, 656 F.3d 1210, 1214 (quoting *Bell v. Twombly*, 550 U.S. 544, 555 (2007)).  As noted by the Court in the futility section of this opinion, Defendants have met their burden for pleading.

### Prejudice to Plaintiff

Plaintiff argues that to allowing the First Amended Counterclaim would force Plaintiff "to repeat key discovery activities, such as deposing Defendant Jason Wood."  Because all of the facts underlying the four new counts were already known to Plaintiff it appears doubtful that much additional discovery would be necessary.  The retaking of one deposition when there is no pending trail date is not unduly prejudicial.  If Plaintiff wants to retake the deposiion of Mr. Wood or conduct additional discovery, the Court will allow discovery to be reopened for that purpose upon the request of Plaintiff.

IT IS THEREFORE ORDERED that Defendants' Motion to File First Amended Counterclaim [Doc. 78] is granted.

Alan C. Torgerson
United States Magistrate Judge