# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

WAGNER EQUIPMENT CO.,

       Plaintiff,

v.

                                 Civ. No. 11-466 MV/ACT

JASON WOOD, individually
and dba PAMF Excavation and Logging,
and PAMF Excavation, LLC,

       Defendants.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion for Judgment on the Pleadings with Respect to Count I of Plaintiff's Complaint [Doc. 73].   The Court, having considered the motion, briefs, relevant law, and being otherwise fully informed, finds that the Motion is well-taken in part and not well-taken in part, and will be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

In October 2010, Defendants purchased from Plaintiff a Caterpillar 501 Harvester for use in their logging operations.   Doc. 1-2, ¶¶ 6-7.   Defendants experienced problems with the operation of the Harvester.   *Id.* ¶ 8.   To remedy the situation, the parties agreed that Plaintiff would make certain payments to Defendants and perform repairs to the Harvester.   *Id.* ¶ 10.   The parties' agreement was memorialized in a Settlement Agreement and Release, effective March 9, 2011.   *Id.*   According to Plaintiff, despite the fact that Plaintiff had "materially performed all of its obligations under the Settlement Agreement," Defendants "unilaterally declared the settlement

agreement 'nullified." *Id.* ¶ 12.   Thereafter, Defendants raised their concerns about the Harvester to Cat Inc., the manufacturer, who agreed to cause additional repairs to be performed, and Plaintiff agreed to perform the repairs.   *Id.* ¶¶ 13-14.   Plaintiff contends that before it could complete the repairs, Defendants undertook an email campaign to slander Plaintiff's name in the business community, making "several false and defamatory statements," thereby injuring Plaintiff's business reputation.   *Id.* ¶¶ 15-18.

On May 10, 2011, Plaintiff filed the instant action against Defendants in New Mexico state court.   On May 12, 2011, Plaintiff also filed in state court a motion for preliminary injunction. Doc 1-2 at 26-43.   On June 1, 2011, Defendants removed the case to this Court under federal diversity jurisdiction.   Thereafter, on June 21, 2011, Plaintiff filed a Notice of Withdrawal of Plaintiff's Motion for Preliminary injunction, notifying the Court of its withdrawal of its Motion for Preliminary Injunction without prejudice.   [Doc. 13].

In Count I of the Complaint, which seeks injunctive relief, Plaintiff alleges that Defendants have "expressed a specific intention to continue to defame [Plaintiff's] business name and reputation; that Defendants "will continue to publish false statements in an effort to undermine the reputation and business of [Plaintiff]; and that Plaintiff "will suffer irreparable harm and injury," including "damaged public image and reputation," if the Court does not enjoin Defendants' conduct.   *Id.* ¶¶ 21-23.   Accordingly, in its prayer for relief, Plaintiff seeks an injunction against Defendants "enjoining them preliminarily during the pendency of this action and permanently thereafter from [] engaging in the complained of conduct."   *Id.* at 6.

By their instant motion, Defendants seek dismissal of Plaintiff's claims for preliminary and permanent injunctive relief, arguing that, even accepting as true the allegations that Defendants published and will continue to publish false and defamatory statements, an injunction would be an

unconstitutional prior restraint of speech, and thus is not an available remedy in the context of this defamation action.   In response, Plaintiff first states that it no longer seeks a preliminary injunction against Defendants.   Further, Plaintiff argues that New Mexico courts would allow the injunction of defamation under the circumstances alleged here, and accordingly, it has properly stated a claim for permanent injunctive relief.

## LEGAL STANDARD

The same standards that govern a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure also govern a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.   *Atl. Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1160 (10th Cir. 2000).   Under Rule 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon which relief can be granted."   Fed. R. Civ. P. 12(b)(6).   "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).   When considering a 12(b)(6) motion, the Court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor.   *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1142 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."   *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.*   A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007)).   Accordingly, while the Court must take all of the factual allegations

in the complaint as true, "a plaintiff armed with nothing more than conclusions" cannot survive a

motion to dismiss.   *Iqbal*, 129 S. Ct. at 1950.

## DISCUSSION

I.   <u>Preliminary Injunction</u>

The Complaint includes a prayer for relief in the form of a preliminary injunction.

Additionally, Plaintiff filed a motion in state court for a preliminary injunction.   While Plaintiff

filed a Notice withdrawing its motion, it has never amended the Complaint to remove its request

for a preliminary injunction.   Nonetheless, in its Response, Plaintiff has indicated that it no longer

seeks a preliminary injunction against Defendants.   The Court thus finds it proper to grant

Defendants' motion to the extent they seek to dismiss Plaintiff's request for relief in the form of a

preliminary injunction.

II.   <u>Permanent Injunction</u>

In Count I of the Complaint, Plaintiff alleges that Defendants have published false and

defamatory statements in an effort to undermine Plaintiff's business reputation, and asks the Court

to enjoin Defendants from continuing to publish such false and defamatory statements.

Defendants argue that Plaintiff's claim is improper under both the First Amendment to the United

States Constitution and the New Mexico Constitution, and should be dismissed because "[t]he

usual rule is that equity does not enjoin a libel or slander and that the only remedy for defamation is

an action for damages."   *Cmty. for Creative Non-Violence v. Pierce*, 814 F.2d 663, 672 (D.C. Cir.

1987).   Under the "modern" approach, however, an injunction may issue where it is "narrowly

tailored, based upon a continuing course of repetitive speech, and granted only after a final

adjudication on the merits that the speech is unprotected."   *Auburn Police Union v. Carpenter*, 8

F.3d 886, 903 (1st Cir. 1993).   As set forth herein, the Court finds that application of the modern approach, rather than the traditional rule, to the Court's analysis under both the First Amendment and the New Mexico Constitution is the preferable course.   Under the modern approach, it would be improper at this stage of the litigation to dismiss Plaintiff's claim for permanent injunctive relief.

A.   Analysis Under the First Amendment to the United States Constitution

"[A] judicial injunction that prohibits speech prior to a determination that the speech is unprotected . . . constitutes a prior restraint."   *Id.*   "Any prior restraint on expression comes to this Court with a heavy presumption against its constitutional validity."   *Org. for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971).   For this reason, "[e]quity has traditionally refused to grant an injunction against speech or writing, no matter how clear the proof of falsehood, and no matter how inadequate an award of pecuniary damages to repair the harm done to the victim." *Lassiter v. Lassiter*, 456 F. Supp. 2d 876, 882 (E.D. Ky. 2006), *aff'd*, 280 F. App'x 503 (6th Cir. 2008).

While at one time "firmly entrenched," this "traditional view" has been subject to criticism by legal scholars and reevaluation by the courts.   *Id.* at 882-83; *see also Hill v. Petrotech Res. Corp.*, 325 S.W.3d 302, 306 (Ky. 2010).   In a "breakthrough" decision, the Supreme Court in *Pittsburgh Press Co. v. Pittsburgh Comm'n on Human Relations*, 413 U.S. 376 (1973), approved enjoining the publication of want ads that violated the civil rights laws by advertising separately for male and female job applicants.   The Court observed that it "has never held that all injunctions [against expression] are impermissible."   *Id.* at 390.   The Court explained that "[t]he special vice of a prior restraint is that communication will be suppressed . . . before an adequate determination that it is unprotected by the First Amendment.").   *Id.*   In the case before it, the Court found that the injunction at issue was not an unconstitutional prior restraint, as the illegality of the expression

enjoined "had been judicially determined before the injunction issued."   *Id.* at 390-91.

Thereafter, several federal and state courts have echoed this decision, distinguishing between "requests for preventive relief prior to trial and post-trial remedies to prevent repetition of statements judicially determined to be defamatory."   *Balboa Island Village Inn, Inc. v. Lemen*, 156 P.3d 339, 333 (Cal. 2007).   In the latter situation, courts repeatedly have concluded that, once a judge or jury has made a final determination that the speech at issue is defamatory, an injunction prohibiting the defendant from repeating the defamatory speech does not constitute a prohibited prior restraint on speech.   *See Auburn Police Union*, 8 F.3d at 903-04 (upholding statute authorizing enforcement through injunctive relief of a prohibition against solicitation, explaining that an injunction issued under the statute would not necessarily constitute an unlawful prior restraint, so long as it is narrowly tailored, based on a continuing course of repetitive speech, and granted only after a final adjudication on the merits that the speech is unprotected); *Lothschuetz v. Carpenter*, 898 F.2d 1200 (6th Cir. 1990) (upholding injunction enjoining statements that had been found to be false and libelous); *Hill*, 325 S.W.3d at 309 (adopting modern rule that defamatory speech may be enjoined after trial court's final determination by a preponderance of the evidence that the speech at issue is false, and on the condition that the injunction is narrowly tailored to limit the prohibited speech to that which has been judicially determined to be false); *Balboa Island*, 156 P.3d at 349 (holding that the court may issue an injunction prohibiting a defendant from repeating statements determined at trial to be defamatory); *Advanced Training Sys., Inc. v. Caswell Equip. Co., Inc.*, 352 N.W.2d 1, 11 (Minn. 1984) (holding injunction limited to material found either libelous or disparaging after a full jury trial was not unconstitutional and could stand); *O'Brien v. Univ. Cmty. Tenants Union, Inc.*, 327 N.E.2d 753, 755 (Ohio 1975) ("Once speech has judicially been found libelous, if all the requirements for injunctive relief are

6

met, an injunction for restraint of continued publication may be proper."); *Retail Credit Co. v. Russell*, 218 S.E.2d 54 (Ga. 1975) (upholding injunction issued following jury trial in libel case that prohibited repetition of statements found to be defamatory); *see also* 42 Am. Jur. 2d Injunctions § 97 ("The general rule that a defamation may not be enjoined does not apply in a circumstance in which an injunction is issued to prevent a defendant from repeating statements that have been judicially determined to be defamatory.").

The Court finds the reasoning of these decisions to be persuasive.   As defamatory speech is unprotected speech, the "special vice" of a prior restraint is non-existent where an injunction is granted only as to statements previously adjudicated to be false.   Accordingly, adopting the modern approach, the Court finds that Defendants are incorrect that Plaintiff's request for permanent injunctive relief is prohibited as a matter of law.   The Court expresses no view as to whether Plaintiff ultimately will be able to establish all of the requirements necessary for an injunction to issue, whether an injunction prohibiting Defendants from repeating defamatory statements ultimately could, or should be denied because an award of damages is an adequate remedy, or whether, indeed, Defendant's statements will be adjudicated to be false and defamatory in the first instance.   Rather, the Court simply rejects Defendants' challenge to the legal validity of Plaintiff's request for injunctive relief.   Because an injunction prohibiting a defendant from repeating a statement determined to be defamatory does not constitute a prohibited prior restraint of speech under the First Amendment, Plaintiff's claim seeking injunctive relief is not prohibited as a matter of law.   Accordingly, dismissal of Plaintiff's claim for permanent injunctive relief, at this stage in the litigation, would be inappropriate.

B.   Analysis Under the New Mexico Constitution

Article II, Section 17 of the New Mexico Constitution provides:   "Every person may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that right."   Acknowledging that the New Mexico courts have not yet addressed the specific issue of whether this provision prohibits a judge from enjoining the repetition of libelous speech, Defendants argue that New Mexico courts would adhere to the traditional rule that injunctions against expression categorically constitute an impermissible prior restraint.   In support of this argument, Defendants cites to *Kramer v. Thompson*, 947 F.2d 666 (3d Cir. 1991).

In *Kramer*, the Third Circuit reversed the district court's order enjoining the defendant from repeating statements deemed libelous, based on its predication that the Pennsylvania Supreme Court would hold that the Pennsylvania Constitution categorically prohibits a judge from enjoining future libelous speech.   *Id.* at 677.   In making that prediction, the Third Circuit had the benefit of a previous decision issued by the Pennsylvania Supreme Court, *Willing v. Mazzacone*, 393 A.2d 1155 (1978), in which the Supreme Court reversed the Superior Court's order enjoining the defendant from demonstrating and picketing in front of the plaintiffs' law office, carrying placards containing defamatory and libelous statements, or uttering, publishing, and declaring defamatory statements against the plaintiffs.   *Id.* at 1157.   In summarizing *Willing*, the Third Circuit explained that the Superior Court was presented with a case which, in its view and that of many commentators, "cried out for reexamining the common-law precept that equity will enjoin a defamation," and, after careful consideration, found the traditional rule no longer viable, instead opting for a pragmatic and modern approach to determining what constitutes a prior restraint. *Kramer*, 947 F.2d at 675.   As the Third Circuit further explained, however, the Supreme Court

8

"stood firmly behind the traditional bar to equitable relief, holding essentially that [the defendant's] constitutional rights to uncensored speech and trial by jury were paramount even though, as a practical matter, she would be immune to a damages action after the speech were issued."   *Id.*   The Third Circuit discussed at length the line of cases adopting the modern approach to analyzing injunctions of defamatory speech, and found "the reasoning and policies undergirding these cases quite persuasive."   *Id.* at 677.   Despite its own view on the issue, the Third Circuit reiterated that its role was limited to determining what the Pennsylvania Supreme Court would decide in its stead.   The Court determined that, "as evidenced by the Pennsylvania Supreme Court's unqualified rejection of the Superior Court's 'modern' view in *Willing*, Pennsylvania would appear firmly bound to the traditional rule."   *Id.* at 678.   Accordingly, the Third Circuit concluded:

> In the end, we can do no more than take the *Willing* court's words at face value. From our reading, we must conclude, on balance, that the court was sufficiently transfixed by brooding emanations from Pennsylvania's history and the various constitutional provisions pertaining to free speech, and was sufficiently concerned about the encroachment of equity upon legal remedies, and in particular about the selective invocation of equitable remedies against indigent defendants, that it would have denied an injunction even on the facts of this case.

*Id.* at 679.

In contrast, here, the Court has no similar benefit of a decision by the New Mexico courts addressing the specific issue raised herein.   Defendants have not pointed to, and this Court has not found, any cases in which a New Mexico court has opined on the validity of an injunction prohibiting speech previously adjudicated to be defamatory, much less expressed a "transfixion" with the traditional approach, or an "unqualified rejection" of the modern approach to determining what constitutes a prior restraint.

Indeed, in the sole New Mexico appellate case found by the Court to discuss at length the

subject of prior restraints, the New Mexico Court of Appeals noted that "[p]rior restraint means only that the government may not enjoin or restrain a particular expression prior to its judicial review, even though the same expression could constitutionally be subject to punishment afterwards." *City of Farmington v. Fawcett*, 843 P.2d 839, 842 (N.M. Ct. App. 1992).   Based on this definition, the Court concluded that "[a] municipal anti-obscenity ordinance does not constitute a prior restraint on speech when the municipality has the burden of instituting prompt judicial proceedings and there is no provision for restraint prior to such judicial review." *Id.*   The Court also rejected the defendant's argument that Article II, Section 17 of the New Mexico Constitution provides for no exception from the right of free speech, writing and publication, "whether for obscenity or otherwise." *Id.*   The Court noted that, "[a]fter granting citizens the right to speak freely, our constitution makes each person 'responsible for the abuse of that right.' A citizen who 'abuses' the right of free speech may be legally liable." *Id.* at 843.   The Court concluded that obscenity could be an "abuse" of free speech, stating:

> The constitutional liberty of speech and of the press, as we understand it, implies a right to freely utter and publish whatever the citizen may please, and to be protected against any responsibility for so doing, except as so far as such publications, from their blasphemy, obscenity, or scandalous character, may be a public offense, *or as by their falsehood and malice they may injuriously affect the standing, reputation, or pecuniary interests of individuals.*

*Id.* (quoting *Curry v. Journal Publishing Co.*, 68 F.2d 168, 174-75 (N.M. 1937)) (emphasis added). As this quoted language makes clear, the New Mexico Supreme Court has specifically recognized that false and defamatory speech is not protected speech.

In light of *Fawcett*, the Court predicts that the New Mexico appellate courts would adopt the modern rule that defamatory speech may be enjoined following a judicial determination of falsity.   This prediction is in accord with state supreme court decisions interpreting state

constitutional provisions virtually identical to the one set forth in Article II, Section 17 of the New Mexico Constitution.   Specifically, in *Hill*, the Supreme Court of Kentucky considered whether the freedom of speech provision in the Kentucky Constitution could be interpreted consistently with the modern rule that speech already adjudicated to be defamatory may be enjoined.   32 S.W.3d at 311-13.   That constitutional provision states in relevant part, "[e]very person may freely and fully speak, write and print on any subject, being responsible for the abuse of that liberty."   *Id.* at 312.   The Court concluded that:

> a reasonable interpretation of the phrase 'being responsible for the abuse of that liberty [to speak freely]' would, in addition to monetary damages, also include a speaker's 'being responsible' to respect, and abide by, a final determination by a judge or jury that his defamatory speech is false.   This obligation of 'being responsible' would seem to include a duty to refrain from repetition of speech adjudicated to be false and, it follows, would also include the responsibility to abide by a narrowly tailored injunction against repetition of the false speech.

*Id.* at 313.   Accordingly, consistent with the modern rule, the Court construed the Kentucky Constitution to permit "an injunction against false, defamatory speech, but only upon a final judicial determination that the speech is false."   *Id.*   The Supreme Court of California similarly concluded that the California Constitution, which contains language regarding free speech identical to the language of the New Mexico Constitution, permits an injunction of speech previously determined to be defamatory.   *See Balboa Island*, 156 P.3d at 351.

Here, the Court predicts that, as did the courts in *Hill* and *Balboa Island*, the New Mexico appellate courts would construe the New Mexico Constitution to permit an injunction against speech judicially determined to be false and defamatory.   Because an injunction prohibiting a defendant from repeating a statement determined to be defamatory would not constitute a prohibited prior restraint of speech under the New Mexico Constitution, Plaintiff's claim seeking injunctive relief is not prohibited as a matter of law.   Accordingly, dismissal of Plaintiff's claim

for permanent injunctive relief, at this stage in the litigation, would be inappropriate.

<b><u>CONCLUSION</u></b>

Plaintiff has advised that it no longer seeks relief in the form of a preliminary injunction. Accordingly, Plaintiff's claim for a preliminary injunction is dismissed.   Because an injunction prohibiting a defendant from repeating a statement determined by a judge or jury to be defamatory would not constitute a prohibited prior restraint of speech under either the First Amendment to the United States Constitution or the New Mexico Constitution, Plaintiff's claim seeking permanent injunctive relief is not prohibited as a matter of law.   Accordingly, dismissal of Plaintiff's claim for permanent injunctive relief, at this stage in the litigation, would be inappropriate.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Judgment on the Pleadings with Respect to Count I of Plaintiff's Complaint [Doc. 73] is **GRANTED IN PART AND DENIED IN PART**, as follows:   Plaintiff's request for relief in the form of a preliminary injunction is dismissed from the Complaint; Plaintiff's request for relief in the form of a permanent injunction remains a viable claim, and is not dismissed from the Complaint.

DATED this 24th  day of September, 2012.


_____

MARTHA VÁZQUEZ
United States District Court Judge