## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**WAGNER EQUIPMENT CO.,**

      **Plaintiff,**

      **vs.**                        **Civ. No. 11-466 MV/ACT**

**JASON WOOD, Individually**
**and d/b/a PAMF Excavation and Logging,**
**and PAMF Excavation, LLC,**

      **Defendants.**


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Compel Plaintiff's Answers to Defendants Second Interrogatories and Request for Production of Documents, to Strike Preliminary Statement[1], and for Sanctions [Doc. No. 147] filed July 19, 2012 ("Motion"). The Plaintiff filed its Response [Doc. 158] on August 24, 2012 ("Response"), and the Defendants filed their Reply [Doc. 160] on September 17, 2012 ("Reply").  A Notice of Completion of Briefing [Doc. 161] was filed on September 17, 2012.

      The Motion will be granted in part and denied in part as more fully set forth below.

## FAILURE TO CONFER IN GOOD FAITH

      Although Defendants' counsel asserts in their Motion that the "parties attempted to resolve these issues without court action[]" [Motion at 15], Defendants' counsel is simply reciting the required "good faith request" as mandated in Fed. R. Civ. P. 37(a)(1) and D.N.M. LR-Civ. 7.1(a) rather than demonstrating compliance.  What Defendants do not say is that their

---

[1] Defendants moved to strike Plaintiff's Preliminary Statement.  Plaintiff withdrew its Preliminary Statement in its Response.  Defendants' motion on this point is therefore moot.

good faith effort consisted of sending an e-mail at 3:44 p.m. on Wednesday, July 18, 2012, stating, "[o]bviously it would be better to resolve the discovery issues (and we are required to try) and avoid filing the motion all together." [Response at 16, Ex. I.]  Plaintiff's counsel, who was out of the office the afternoon the e-mail was sent, responded at 9:00 a.m. on July 19, 2012 (the following morning), to "ask whether Defendants would delay filing the motion until after an upcoming mediation and to allow the parties time to work to resolve the issues raised therein." [Response at 17, Ex. J.] Defendants responded that because lead counsel was out of state and not available to grant an extension, they were going to file their Motion.  [Response at 17; Reply at 2.]

Counsel for Defendants failed to comply with both the letter and the spirit of Federal Rules of Civil Procedure and District of New Mexico Local Rules before filing its Motion to Compel.  No self-respecting and serious member of any federal bar would even attempt to argue with a straight face that counsel for Defendants' e-mail came within arms length of "conferring in good faith."  *See e.g.*, *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo. 2003) (to confer means more than making a demand for compliance; it means "to hold a conference; compare views; consult together.").

Although counsel for Defendants says that an "effort was made and there was plenty of time for working out the issues [after the motion was filed]," the effort that should have been made was working out the issues *before* the motion was filed.  Further, there is nothing in the record to suggest that counsel for Defendants made any additional effort to resolve any of the disputes even after the motion was filed, except to send an e-mail to Plaintiff's counsel stating, "I'm going to go ahead and file the motion today, but we'll agree to an extension of time for your response and in the meantime we'll see what we can get worked out." [Reply Ex. B.] The

2

time to "work something out" is before the motion is filed.  Defendants use as an excuse that "time was short" referring to the twenty-one (21) days Defendants had under D.N.M.LR-Civ. 26.6 to file their motion to compel.  If Defendants were truly concerned about not having enough time to confer, counsel could have requested an extension of time from opposing counsel and/or the Court to file their motion.  Such extensions are routinely granted by the Court in order to avoid the parties having to file a motion regarding discovery disputes which can and should be resolved by counsel.

Counsel for Defendants also failed to comply with the District of New Mexico Local Rules in another respect.  Counsel attached a copy of Defendants' responses to all the discovery requests, not just the discovery responses that are the subject of their Motion to Compel.  The Court does not need, nor do the Local Civil Rules require that, all discovery requests and responses be filed with the Court.  The Local Civil Rules require only that the party seeking relief attach a copy of the disputed discovery request and the response and objection thereto.  *See* D.N.M.LR-Civ. 37.1.

The failure of Defendants' counsel to comply with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the District of New Mexico would justify an immediate denial of Defendants' Motion so as "not to burden the Court with an unnecessary discovery motion."  However, the Court will review the merits of the Motion and warns counsel for Defendants that any future failures to comply with the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure or the Orders of this Court will result in sanctions which could include a recommendation that some of all of Defendants' counterclaims be dismissed.[2]

---

[2]  Counsel for Defendants also failed to comply with this Court's Order.  Paragraph four of the Court's Initial Scheduling Order [Doc. 15] reads as follows:

## PROCEDURAL AND FACTUAL BACKGROUND

On May 10, 2011, Wagner Equipment Co. ("Plaintiff") filed its Complaint for Injunctive Relief, Business Defamation and Breach of Contract[3] in the Second Judicial District Court, Bernalillo County, New Mexico.  [Doc. No. 1-2.] Plaintiff named Defendants Jason Wood, Individually and d/b/a PAMF Excavation and Logging, and PAMF Excavation, LLC, a Washington limited liability company ("Defendants").  [Id.]  On June 1, 2011, Defendants filed a Notice of Removal to the United States District Court for the District of New Mexico on the basis of diversity jurisdiction (28 U.S.C. § 1332).  [Doc. No. 1.]  On June 8, 2011, Defendants filed a Counterclaim seeking damages for breach of contract, breach of the duty of good faith and fair dealing, breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, and malicious abuse of process. [Doc. No. 8.]  On July 3, 2012, Defendants filed their First Amended Counterclaim adding claims of negligent misrepresentation, fraud, constructive fraud, and violations of New Mexico Unfair Practices Act.  [Doc. No. 135.]

The factual basis of Plaintiff's Complaint involves the Defendants' purchase from Plaintiff of a Caterpillar 501 Harvester ("Harvester") in October 2010. [Doc. 1-2 at ¶ 6.]  The Defendants purchased the Harvester for use in its logging operations near Raton, New Mexico.

---

Counsel are required to comply with the Local Civil Rules of the United States District of New Mexico as well as the Federal Rules of Civil Procedure.  Civility and professionalism will be required of counsel, and counsel must comply with "A Creed of Professionalism of the New Mexico Bench and Bar" (which can be found in the State Bar of New Mexico Bench and Bar Directory).

The Creed of Professionalism states that lawyers "will attempt to resolve, by agreement, [his or her] objections to matters contained in [his or her] pleadings and discovery requests."  A copy of the Creed of Professionalism of the New Mexico Bench and Bar is attached to this Memorandum Opinion and Order.

[3] By Memorandum Opinion and Order [doc. No. 95] dated March 12, 2012, the District Court granted Defendants' Motion to Dismiss Count III of the Complaint (breach of contract).

4

[Id. at ¶ 7.]  The Defendants experienced operational problems with the Harvester from the time it was delivered and requested that Plaintiff perform the necessary repairs. [Id. at ¶ 10.]  To that end, the parties entered into a Settlement Agreement and Release dated March 9, 2011, detailing the terms and conditions regarding the repairs. [See Doc. 1-2 Exhibit A.] While Plaintiff claims it materially performed its obligations under the Settlement Agreement, the Defendants unilaterally declared the Settlement Agreement "nullified" on April 6, 2011. [Doc. 1-2 at ¶¶ 11 and 12.]  In the aftermath of Defendants' declaration and before Plaintiff could complete additional repairs, Plaintiff alleges that the Defendants "began a campaign to slander the business name of Wagner" thereby injuring Plaintiff's business reputation. [Id. at ¶¶ 15-18.]

## RELEVANT LAW

### A.   Scope and Relevance of Discovery

The proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Information sought is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.  Federal courts have held that the scope of discovery under Rule 26 is deliberately broad.  "The way is now clear, consistent with recognized privileges, for the parties obtain the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1974); *see Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Sanchez v. Matt*, 229 F.R.D. 649, 654 (D.N.M. 2004 (Browning, J.) ("The federal courts have held that the scope of discovery should be broadly and liberally construed to achieve the full disclosure of all potentially relevant information.").

A district court is not, however, "required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim." *McGee v. Hayes*, 43 Fed.Appx. 214, 217 (10th

Cir. 2002)(unpublished).  *See Tottenham v. Trans World Gaming Corp*., 2002 WL 1967023, at

*2 (S.D.N.Y. 2002) (Knapp, J.) ("Discovery, however, is not intended to be a fishing expedition,

bur rather is meant to allow the parties to flesh out allegations for which they initially have at

least a modicum of objective support.")(citation omitted)). "[B]road discovery is not without

limits and the trial court is given wide discretion in balancing the needs and rights of both

plaintiff and defendant." *Gomez v. Martin Marietta Corp*., 50 F.3d at 1520.

Courts have recognized that, while it is true that relevance in discovery is broader than

that required for admissibility at trial, the "object of inquiry must have some evidentiary value

before an order to compel disclosure of otherwise inadmissible material will issue." *Zenith

Electronics Corp. v. Exzec, Inc.*, No. 93 C 5041, 1998 WL 9181, at *2 (N.D.Ill. 1998)(quoting

*Piacenti v. General Motors Corp*., 173 F.R.D. 221, 223 (N.D.Ill. 1997)).  Further, the

information must be "reasonably calculated to lead to the discovery of admissible evidence." *Id*.

Courts have also recognized that "[t]he legal tenet that relevancy in the discovery content is

broader than in the context of admissibility should not be misapplied so as to allow fishing

expeditions in discovery." *Id.*

Rule 26 was amended in 2000 to state that the material requested must be "relevant to the

claim or defense of any party," and "[f]or good cause, the court may order discovery of any

matter relevant to the subject matter involved in the action."  Fed. R. Civ. P. 26(b)(1).  The

Advisory Committee explained that the amendment was "designed to involve the court more

actively in regulating the breadth of sweeping or contentious discovery."  Fed. R. Civ. P.

26(b)(1) advisory committee's note to 2000 amendment (stating that the amendment was made

with the intent "that the parties and the court focus on the actual claims and defenses involved in

the action").  The Advisory Committee further explained:

6

> Under the amended provisions, if there is an objection that discovery goes beyond
> material relevant to the parties' claims or defenses, the court would become
> involved to determine whether the discovery is relevant to the claims or defenses,
> and if not, whether good cause exists for authorizing it so long as it is relevant to
> the subject matter of the action.  The good-cause standard warranting broader
> discovery is meant to be flexible.

Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2000 amendment.

### B.    Interrogatories and Requests for Production

Rule 33 requires a party to answer an interrogatory "separately and fully . . ., unless it is objected to, in which event the objecting party . . . shall answer to the extent the interrogatory is not objectionable."  Fed. R. Civ. P. 33(b)(1).  Likewise, Rule 34 requires a party on whom a request for production is served to "state . . . that inspection and related activities will be permitted as requested, unless the request is objected to . . . .  If an objection is made to part of an item or category, that part shall be specified and inspection permitted of the remaining parts." Fed. R. Civ. P. 34(b).  Rule 33 also provides: "all grounds for an objection to an interrogatory shall be stated with specificity."  Fed. R. Civ. P. 33(b)(4).  "The burden is on the objecting party to show why an interrogatory is improper."  8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2173, at 291-92.  The objecting party is required to "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each question is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."  *Design Basics, L.L.C. v. Strawn*, 271 F.R.D. 513, 519 (D.Kan. 2010)(quoting *Allianz Ins. Co. v. Surface Specialities, Inc.*, 2005 WL 44534, at *2 (D.Kan. Jan. 7, 2005)(unpublished opinion).

### C.    Supplementing Discovery Responses

Federal Rule of Civil Procedure 26(e)(1) provides:

A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court.

###### D.       Motions to Compel

Rule 37 provides enforcement mechanisms for Rules 33 and 34.  Federal Rule of Civil

Procedure 37(a)(1) provides in pertinent part, "[A] party may move for an order compelling

disclosure or discovery.  The motion must include a certification that the movant has in good

faith conferred or attempt to confer with the person or party failing to make disclosure or

discovery."  Additionally, if a party does not respond to an interrogatory or to a request for

production, the party requesting the discovery may move the Court to compel the opposing party

to respond.  See Fed. R. Civ. P. 37(a)(2)(B).  "[A]n evasive or incomplete disclosure, answer, or

response is to be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(3).  If

the Court grants the motion to compel,

> the court shall, after affording an opportunity to be heard, require the party . . .
> whose conduct necessitated the motion or the party or attorney advising such
> conduct or both of them to pay to the moving party the reasonable expenses
> incurred in making the motion, including attorney's fees, unless the court finds
> that the motion was filed without the movant's first making a good faith effort to
> obtain the disclosure or discovery without court action, or that the opposing
> party's nondisclosure, response, or objection was substantially justified, or that
> other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A).

###### E.       Referencing Deposition Testimony

Interrogatory responses that refer to depositions are not complete and not in compliance

with Rule 33 of the Federal Rules of Civil Procedure.  *Union Pacific Railroad Co. v. Larkin*, 229

F.R.D. 240, 243 (D.N.M. 2005)(citing to *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 640

8

(D.Kan. 1999)("A party may not properly answer an interrogatory by referring generically to testimony given upon deposition."); *Hoffman v. United Telecommunications, Inc*., 117 F.R.D. 436, 440 (D.Kan. 1987)(granting motion to compel against party that answered interrogatory by referring to deposition testimony of certain individuals and holding "[i]ncorporation by reference to a deposition is not a responsive answer")).  A party may, however, respond to an interrogatory with deposition testimony, where that testimony is responsive and where the specific pages or portions of the transcript are provided.  *Epling v. UCB Films, Inc*., 2001 WL 1249362 (D.Kan., Sept. 27, 2001)(unpublished opinion)(citing to *Hilt v. SFC, Inc*., 170 F.R.D., 182, 185-86 (D.Kan. 1997)(interrogatory answer sufficient where plaintiff incorporated deposition testimony into interrogatory answer and where movant did not dispute that plaintiff had testified at length about the subject inquired about in the interrogatory).  Incorporation by reference to a deposition is not a responsive answer, for "(t)he fact that a witness testified on a particular subject does not necessarily mean that a party who is required to answer interrogatories adopts the substance of the testimony to support his claim or contention." *J. J. Delaney Carpet Co. v. Forrest Mills, Inc*., 34 F.R.D. 152 (S.D.N.Y.1963).

## F.    <u>Protective Orders and Discovery of Net Worth</u>

According to Rule 26(c) of the Federal Rules of Civil Procedure, a person or party, by whom discovery is being sought, may file a motion for protective order.  The court may grant a protective order when it is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  *See Thomas v. Int'l Bus. Mach*., 48 F.3d 478, 482 (10th Cir. 1995).

Discovery of a defendant's net worth is permitted without requiring the plaintiff to establish a *prima facie* case for punitive damages.  *Pedroza v. Lomas Auto Mall, Inc*., 2008 WL

4821457 (D.N.M. July 10, 2008)(Browning, J.)(citing *Clement v. Mountain States Logistics*, Civ.

No. 0590, 2006 U.S. Dist. LEXIS 95650 at *5 (D.N.M. August 28, 2006)(Browning, J.)(stating

that "[t]he party requesting the discovery generally does not need to establish a prima facie case

on the issue of punitive damages before it can obtain pretrial discovery of the other party's

financial statements and *tax returns*.")(internal quotations omitted)(emphasis added)).  "[I]f a

plaintiff has alleged sufficient facts to claim punitive damages against a defendant, information

of the defendant's net worth or financial condition is relevant because it can be considered in

determining punitive damages." *Aerotech Resources, Inc. v. Dodson Aviation, Inc*., 2001 WL

395397, at *2 (D.Kan. Apr. 11, 2001)(citation omitted).  The opposing party's interest in

nondisclosure and confidentiality "can usually be adequately protected by a protective order

restricting dissemination of the documents and the information within." *Roberts v. Shawnee*

*Mission Ford, Inc.*, 2002 U.S. Dist. LEXIS 9525 at *11 (internal quotations).  "To discover a

party's financial condition in light of a claim for punitive damages, requesting parties generally

must show the claim for punitive damages is not spurious." *Clement v. Mountain States*

*Logistics*, 2006 U.S. Dist. LEXIS 95650 at *6 (internal quotations omitted).

## <u>ANALYSIS</u>

**A.**     **<u>Interrogatories and Requests for Production</u>**

  **1.**     **Discovery Requests Pertaining to Communications with Western Wood Products – Interrogatory No. 13, Requests for Production Nos. 5 and 6**

<u>Interrogatory No. 13</u>:  Identify all communications between you and Western Wood Productions.

<u>Answer</u>:         Wagner objects to this Interrogatory No. 13 as calling for information which is neither relevant nor likely to lead to the discovery of admissible evidence.  Notwithstanding and without waiving the foregoing objections, Wagner states that it has already

produced e-mail communications containing or summarizing its communications with Western Wood Products in connection with Wagner's Response to Defendants' First Request for Production to Plaintiff, see e.g., Wagner0509-0512, Wagner0521-0536, Wagner0565, Wagner0702-0705, and Wagner0716-0720.  Nick Montoya, Mike Quirk and Brad Cofield testified in their depositions concerning their recollections of communications with Ray Levengood of Western Wood Products.  See also Exhibit 6 to Mr. Quirk's deposition, produced herewith as Wagner0734 to 0738 and Wagner0739 which consists of notes concerning a telephone call Wagner received from Mike Berry of Western Wood Products. Wagner does not presently recall, or is presently unaware of, any other responsive communications.

Request No. 5:          Produce all documents (specifically including e-mails) you have sent to or received from Western Wood Products.

Response:               *See* Answer to Interrogatory No. 13.

Request No. 6:          Produce all documents (specifically including e-mails) you have sent to or received from Ray Levengood.

Response:               *See* Answer to Interrogatory No. 13.

Defendants concede in their Motion that the scope of their discovery requests pertaining to communications and documents related to Western Wood Products was overly broad and agreed to narrow the scope to all communications that "in any way relate to or reference any of the claims, allegations, defenses, or any item of damage in this case." [Motion at 3.]  With that concession, Defendants insist that their discovery requests in this regard are relevant and that Plaintiff's  answer must be supplemented to provide any information within those bounds that was withheld pursuant to Plaintiff's objection. [Motion at 4.]  Defendants also argue that referencing deposition testimony generally is nonresponsive and asks this Court to order Plaintiff to supplement the interrogatory to identify "all communications between itself and Western Wood Products, provide specific quotes, or reference deposition testimony by page and line." [Motion at 4-5.]

11

Plaintiff responded that it has already provided 30 pages of documents containing such communications, and produced six (6) new pages of documents herein. [Response at 3.] Plaintiff concludes that it is "[p]resently unaware of any other responsive communications." [Id.] Plaintiff additionally acknowledges that "generally referring to deposition testimony may not be a sufficient response . . . but where, as here, after propounding the discovery requests and *before* Wagner had responded . . . Defendants deposed witnesses directly about the very same topics, Wagner submits that referring generally to the deposition testimony was proper." [Response at 2-3.] Plaintiff contends it would be cumulative and duplicative to require it to "go back and jump through the hoop of reciting page and line" of the responsive deposition testimony and would "pose an undue burden on Wagner."

Defendants' Motion regarding Interrogatory No. 13 and Request for Production Nos. 5 and 6 is granted in part and denied in part.  In its Answer to Interrogatory No. 13, Plaintiff both objected and responded, but responded "notwithstanding and without waiving its objections." Rule 34 makes no provision for this type of response.  The harm of this sort of objection is that it leaves the proponent unsure if information is being withheld.  A party may object to some or all of the requested discovery, but it must be clear whether the responding party is objecting or not and, if objecting, to what part of the request and on what specific grounds.  *Leisure Hospitality, Inc. v. Hunt Properties, Inc*., 2010 WL 3522444 (N.D.Okla. Sept. 8, 2010)(unpublished opinion)(citing generally 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure §2213 (3d ed. 2010).

Although Plaintiff failed to any provide an explanation regarding what part of the interrogatory was objectionable, Plaintiff's relevancy objection appears to based solely on the interrogatory being overly broad.  Defendants conceded this point in their Motion and

12

subsequently narrowed the scope of their discovery request.  In light of Plaintiff's previous

production of documents and additional production to its Response herein, the Plaintiff has

constructively conceded relevancy thereby waiving its objection within the narrowed bounds of

the request.  Because Plaintiff conclusively stated it is unaware of any other responsive

communications, Defendants' request that Plaintiff supplement its answer to provide any

information withheld pursuant to Plaintiff's objection is denied.  Plaintiff remains bound by Fed.

R. Civ. P. 26(e)(1) to supplement its response in a timely manner if its learns its response is

incomplete or incorrect.

Plaintiff is, however, ordered to supplement its answer to the interrogatory with respect

to its reference to deposition testimony.  Deposition testimony is responsive where the specific

pages or portions of the transcript are provided and when the moving party does not dispute the

referenced party testified sufficiently about the subject inquired about in the interrogatory.

Neither of those conditions are present here.  The Court acknowledges that Plaintiff attached

highlighted portions of the referenced depositions to its Response; however, Fed. R. Civ. P.

26(e)(1) requires that the discovery responses be supplemented.  Plaintiff's general reference to

deposition testimony is insufficient.  Reference to deposition testimony must be presented in

such a way that a specific answer to the interrogatory can be derived by the Defendants.

### 2.   Discovery Requests Pertaining to Communications With Cat, Inc. – Interrogatory No. 14 and Request No. 7

Interrogatory No. 14: Identify all communications between you and Cat, Inc. regarding
the Harvester, Defendants, or this litigation.

Answer:                     Wagner objects to this Interrogatory No. 14 as calling for
information which is neither relevant nor likely to lead to the
discovery of admissible evidence.  Notwithstanding and without
waiving the foregoing objections, Wagner states that it believes it
has produced all such communications, or that the same are

13

reflected in the volume of e-mails already produced herein by Wagner, by Cat, Inc. or by Caterpillar Financial Services Corporation.

Request No. 7:   Produce all documents (specifically including e-mails) you have sent to or received from Cat, Inc. regarding the Harvester, Defendants, or this litigation.

Response:   See Answer to Interrogatory No. 14.

Defendants argue that Plaintiff has "no credible basis for the assertion that this interrogatory is not designed to lead to the discovery of relevant information" [Motion at 5], and to the extent Plaintiff has withheld any information subject to the objection, the answer must be supplemented.  Defendants also request the Plaintiff's objection be stricken because it is baseless.  Plaintiff contends that it has produced more than 500 pages of e-mails in response to previously propounded discovery requests, and that "hundreds more [have been] produced by Cat, Inc., and Caterpillar Financial Corporation." [Response at 4.] Plaintiff concludes that "Wagner cannot produce what does not exist." [Id.] Plaintiff further contends that Defendants have waived their ability to object because Defendants "lodged virtually identical discovery" in its first set of written discovery to which Plaintiff responded and Defendants did not object. [Id.]

Defendants' Motion regarding Interrogatory No. 14 and Request for Production No. 7 is denied.  In its Answer to Interrogatory No. 14, Plaintiff both objected and responded, but responded "notwithstanding and without waiving its objections." [*See* Court's discussion at A.1. *infra*.]  Because Plaintiff failed to provide an explanation regarding what part of the interrogatory was objectionable, and in light of Plaintiff's previous production of documents, it has constructively conceded relevancy thereby waiving its relevancy objection.  However, since Plaintiff stated there is nothing more to produce in response to this discovery request, Defendants' request that Plaintiff supplement its answer is denied.  Plaintiff remains bound by

14

Fed. R. Civ. P. 26(e)(1) to supplement its response in a timely manner if its learns its response is incomplete or incorrect.

> **3.    Discovery Requests Pertaining to Communications and Documents Related to Communications with FABCO and DDI - Interrogatory Nos. 15 and 16 and Requests for Production Nos. 8 and 9.**

Interrogatory No. 15: Identify all communications between you and FABCO Equipment, Inc. regarding the Harvester, Defendants, or this litigation.

Answer:    Steve Kirkman may have had conversations with a FABCO service technician in December of 2010 and/or April of 2011 as described in Mr. Kirkman's deposition.  Wagner does not presently recall, or its presently unaware of, any other responsive communications.

Request No. 8:    Produce all documents (specifically including e-mails) you have sent to or received from FABCO Equipment, Inc. regarding the Harvester, Defendants, or this litigation.

Response:    See Answer to Interrogatory No. 15.  Wagner is presently unaware of any documents it has sent to or received from FABCO that are responsive to this Request for Production.

Interrogatory No. 16: Identify all communications between you and DDI Equipment regarding the Harvester, Defendants, or this litigation.

Answer:    Nick Montoya contacted DDI Equipment regarding Defendants' equipment needs as described in Mr. Montoya's deposition.  Wagner is presently unable to identify or recall any other responsive communications.

Request No. 9:    Produce all documents (specifically including e-mails) you have sent to or received from DDI Equipment regarding the Harvester, Defendants, or this litigation.

Response:    See Answer to Interrogatory No. 16.  Wagner is presently unaware of any documents it has sent to or received from DDI that are responsive to this Request for Production.

Defendants argue that the reference to deposition testimony is not responsive and that the highlighted portions of deposition testimony provided in Plaintiff's Response do not comport with Plaintiff's discovery obligations.  Plaintiff contends that after Defendants propounded their

discovery requests but before Wagner had responded, Defendants deposed witnesses who testified about their requested discovery. [Response at 7.]  Plaintiff further contends it would be cumulative and duplicative to require it to "go back and jump through the hoop of reciting page and line" of the responsive deposition testimony and would "pose an undue burden on Wagner." [Id.]

Defendants' Motion regarding Interrogatory Nos. 15 and 16 and Request for Production Nos. 8 and 9 is granted.  Plaintiff is ordered to supplement its answer to the interrogatory with respect to its reference to deposition testimony.  Deposition testimony is responsive where the specific pages or portions of the transcript are provided and when the moving party does not dispute the referenced party testified sufficiently about the subject inquired about in the interrogatory.  Neither of those conditions are present here.  The Court acknowledges that Plaintiff attached highlighted portions of the referenced depositions to its Response; however, Fed. R. Civ. P.  26(e)(1) requires that the discovery responses be supplemented. Plaintiff's general reference to deposition testimony is insufficient.  Reference to deposition testimony must be presented in such a way that a specific answer to the interrogatory can be derived by the Defendants.

> ### 4. Discovery Requests Pertaining to Caterpillar Forestry Equipment - Interrogatory Nos. 18 and 20, Requests for Production Nos. 19 and 21

Interrogatory No. 18:  Identify all Caterpillar forestry equipment you have inspected and/or repaired and identify at which of your locations you performed each such service.

Answer:  Wagner objects to Interrogatory No. 18 as overly broad and unduly burdensome.  It has no limitation in temporal scope and calls for information which is neither relevant nor likely to lead to the discovery of admissible evidence.  Notwithstanding and without waiving the foregoing objections, Wagner states that the 501 Harvester at issue in this case is essentially an excavator with a

specialized head.  Wagner has extensive experience selling, leasing, inspecting and repairing excavators at all of its locations. Wagner's experience is primarily with Caterpillar model equipment, but it does have occasion to work with excavators from other manufacturers from time to time.  Wagner had not had extensive prior experience with the particular harvester head at issue in this case and has not presently been able to identify a specific instance where it inspected or repaired this particular model of harvester head prior to its work on Defendant's machine. Wagner also has significant experience inspecting and repairing skidders.  Some of Wagner's experience with skidders was described in the depositions of Wagner's service personnel, including Bruce Neldner, Ed Rogan and Steven Kirkman.

Request No. 19:    Produce all documents relating to all Caterpillar forestry equipment you have inspected and/or repaired.

Response:    See Answer to Interrogatory No. 18.  The same objections are incorporated herein.

Interrogatory No. 20:    Identify all Caterpillar forestry equipment you have sold and/or leased and identify at which of your locations made each such sale or lease.

Answer:    See Answer to Interrogatory No. 18

Request No. 21:    Produce all documents which identify all Caterpillar forestry equipment you have sold or leased.

Response:    See Answer to Interrogatory No. 18.  The same objections are incorporated here.

Defendants concede in their Motion that the temporal scope of their discovery requests pertaining to Caterpillar forestry equipment was overly broad and agreed to narrow the scope to the past 10 years.  Defendants argue this information is relevant because one of their counterclaims is that the Plaintiff was allegedly not an authorized dealer of Caterpillar Forestry Products and failed to disclose their lack of knowledge and experience with all forestry equipment in addition to the Harvester in question.  [Motion at 6.] Defendants further argue that Plaintiff's experience in inspecting and/or repairing any Caterpillar forestry equipment bears on

17

its claim of misrepresentation.  Defendants take issue with both the insufficiency of Plaintiff's answer and Plaintiff's general references to deposition testimony.

Plaintiff contends that the only issue in this case is Wagner's alleged misrepresentation of the particular Caterpillar 501 Harvester purchased and its alleged inability to repair it. [Response at 8.]  "Wagner's experience with other forestry equipment has no bearing on Defendants' claims." [Id.]  Plaintiff further contends that there are sixteen categories of equipment within its "forestry equipment lineup," of which harvesters is but one, and that Defendants have failed to show how discovery regarding "track loaders, motor graders, skid steers and dozers" would bear on their claims in this case. [Response at 9.] Plaintiff states it has been in business for 30 years and has over 27,787 machines listed in its database of customer inventories, and that the burden or expense of the proposed discovery outweighs its likely benefit. [Id.]

Defendants' Motion regarding Interrogatory Nos. 18 and 20 and Request for Production Nos. 19 and 21 is granted in part and denied in part.  The Court finds that the information requested by Defendants is relevant to its misrepresentation claims against the Plaintiff as being an authorized dealer of Caterpillar forestry products, and as having the experience and knowledge necessary to inspect and repair Caterpillar forestry equipment; however, it also finds that the Defendants' discovery request as stated is overly broad and burdensome.  Plaintiff is ordered to identify and produce all documents relating to Caterpillar forestry equipment it has sold and/or leased and inspected and/or repaired for the two (2) years before the alleged misrepresentation in this case.

Plaintiff is also ordered to supplement its answer to these interrogatories with respect to its reference to deposition testimony.  Deposition testimony is responsive where the specific pages or portions of the transcript are provided and when the moving party does not dispute the

referenced party testified sufficiently about the subject inquired about in the interrogatory.

Neither of those conditions are present here. Plaintiff's general reference to deposition testimony

is insufficient.  Reference to deposition testimony must be presented in such a way that a specific

answer to the interrogatory can be derived by the Defendants.

> ### 5.   Discovery Requests Pertaining to Non-Caterpillar Forestry Equipment - Interrogatory Nos. 19 and 21 and Requests for Production Nos. 20 and 22

Interrogatory No. 19:  Identify all other (non-Caterpillar) forestry equipment you have inspected and/or repaired and identify at which of your locations you performed each such service.

Answer:                        Wagner objects to Interrogatory No. 19 as calling for information which is neither relevant nor likely to lead to the discovery of admissible evidence.  Notwithstanding and without waiving the foregoing objections, see Answer to Interrogatory No. 18.

Request No. 20:         Produce all documents relating to all other (non-Caterpillar) forestry equipment you have inspected and/or repaired.

Response:                  See Answer to Interrogatory No. 19.  The same objections are incorporated herein.

Interrogatory No. 21:  Identify all other (non-Caterpillar forestry) equipment you have sold and/or leased and identify at which of your locations made each such sale or lease.

Answer:                        See Answer to Interrogatory No. 19

Request No. 22:         Produce all documents which identify all other (non-Caterpillar) forestry equipment you have sold or leased.

Response:                  See Answer to Interrogatory No. 19.  The same objections are incorporated here.

Defendants argue that "[a] party cannot answer an interrogatory simply by reference to

another equally unresponsive answer" and incorporates its arguments with respect to

Interrogatory Nos. 18 and 20 and Request for Productions No. 19 and 21. [Motion at 7.]

19

Plaintiff contends that "[b]road, general discovery about non-Caterpillar forestry equipment is even more tenuous than such discovery concerning Caterpillar model forestry equipment." [Response at 10.]

Defendants' Motion regarding Interrogatory Nos. 19 and 21 and Request for Production Nos. 20 and 22 is granted in part and denied in part.  The Court finds that the information requested by Defendants in Interrogatory No. 19 and Request for Production No. 20 is relevant to their misrepresentation claims against the Plaintiff as having the experience and knowledge necessary to inspect and repair all forestry equipment; however, the Defendants' discovery request as stated is overly broad and burdensome.  Plaintiff is ordered to identify and produce all documents relating to all other non-Caterpillar forestry equipment it has inspected and/or repaired for the two (2) years before the alleged misrepresentation in this case.

The Court finds that the information requested by Defendants in Interrogatory No. 21 and Request for Production No. 22 is not relevant to their misrepresentation claims and Defendants' Motion in this regard is denied.

Plaintiff is also ordered to supplement its answer to Interrogatory No. 19 with respect to its reference to deposition testimony.  Deposition testimony is responsive where the specific pages or portions of the transcript are provided and when the moving party does not dispute the referenced party testified sufficiently about the subject inquired about in the interrogatory. Neither of those conditions are present here. Plaintiff's general reference to deposition testimony is insufficient.  Reference to deposition testimony must be presented in such a way that a specific answer to the interrogatory can be derived by the Defendants.

**6.      Discovery Requests Pertaining to Persons Who Inspected, Repaired,
Evaluated or Otherwise Performed Work on the Harvester –
Interrogatory No. 22 and Request for Production No. 14**

Interrogatory No. 22:   Identify all persons who inspected, repaired, evaluated, or
otherwise performed any work on the Harvester.  For each such
person, include in your Answer: 1) their actions regarding the
Harvester; 2) the date(s) of each of their actions regarding the
Harvester; 3) who they were employed by at the time of each of
their actions regarding the Harvester (if any such person was
employed by you, state at which of your locations they were
employed); 4) their education, training, and experience, and 5) all
other qualifications they may have regarding their involvement
with the Harvester.

Answer:                  In response to this Interrogatory No. 22, Wagner cannot speak to
the nature and extent of inspections, repairs, evaluations, or other
work performed to the Harvester by or on behalf of Defendants or
third persons where Wagner was not directly involved.  Mr. Wood
admitted making or attempting certain repairs to the Harvester
including, for example, cutting certain wires in attempt to fix a
problem he did not understand, as described by Ed Rogan in his
deposition.  Mr. Wood describes other repairs in his deposition and
has claimed in various e-mails that various third parties were
retained to inspect, evaluate and/or repair the Harvester (See e.g.
Wagner 0472 and Wagner 0561).  Wagner mechanics who
primarily performed work on the harvester include Ed Rogan
(No. 1854), Steve Kirkman (No. 7212), Jack Stratton (No. 1975)
and Eric Holt (No. 2970).  The dates and general nature of work
performed can be ascertained from Wagner's Job Closing
Summaries produced her as Wagner0796 to 0836.  Ed Rogan and
Steve Kirkman described their education, training and experience
in their depositions.

. . .

Wayne Ocker, an employee of Cat Forest Products, describes his
work on the harvester and his education, training and experience in
the Plaintiff's Expert Witness Disclosure.  Mr. Ocker also
identifies certain other non-Wagner employee(s) who worked with
him.  Wagner is unaware of the education, training and experience
of those individuals.

Request No. 14:          For each person who inspected, worked on, or was at any time
assigned to inspect or work on the Harvester, produce all

documents regarding their education, training, experience, qualifications, and job performance, including but not limited to personnel files and training certificates.  At a minimum, provide this information for the individual you have identified as having relevant knowledge in this case: Brian Butler, Steve Kirkman, Dave Magnino, Nick Montoya, Steve Nefzger, Bruce Neldner, Steve Newton, Michael Quirk, Ed Rogan, and Keith Sampson.

Response:    See Answer to Interrogatory No. 22 concerning Messrs. Rogan, Kirkman, Stanton and Holt.  Mr. Nelder described his background and experience in his deposition.  The other gentlemen listed in this Request for Production No. 14 did not inspect or work on the Harvester.

Defendants argue that referencing deposition testimony is non-responsive, and to the extent Plaintiff's limited "its description of the qualifications to the two mechanics who had not already been deposed constitutes a unilateral constriction of scope and is simply nonresponsive." [Response at 8, 10.]

Plaintiff contends that it listed the "individuals of whom it is aware that ever performed any category of work described in the interrogatory, identifies its own employees by employee number, provides a copy of a 41-page job closing summary that lists every repair in which Wagner was involved and indicates by employee number who performed the repair, and provides detailed information about the education, training and experience of the two of its mechanics who had not already been deposed by Defendants." [Reply at 12.]   Plaintiff objects to the production of personnel files of its employees stating that the burden in terms of the invasion of privacy outweighs any benefits Defendants might obtain. [Id.]

Defendants' Motion regarding Interrogatory No. 22 and Request for Production No. 19 is denied.  While Defendants offer their standing argument that referencing deposition testimony is nonresponsive, in this instance the Defendants have not disputed that the referenced parties testified sufficiently in their depositions about their education, training and experience.  Instead,

22

they argue that "plaintiff cited no authority contradicting the law that states such references are nonresponsive."  Thus, there has been no argument made that this foundational information is insufficient.  The Court is also convinced that Plaintiff sufficiently explained why it did not provide information on certain parties the Defendants asked about; i.e., those parties did not inspect or work on the Harvester.  With respect to the employee personnel files, the Court recognizes that personnel files are in general entitled to heightened protection.  *See Reagan–Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir.2008)("[P]ersonnel files often contain sensitive personal information ... and it is not unreasonable to be cautious about ordering their entire contents disclosed[.]"); *see also Fullbright v. State Farm Mutual Automobile Insurance Co.*, 2010 WL 300436, *2 (W.D.Okla.2010) ("Personnel files are regarded as private and contain material which employees regard as confidential, and a court must be cautious in ordering their disclosure.").  While it is possible that the personnel files might contain evidence that could be used to impeach the deponents, the Defendants have made no attempt to describe what they are seeking (e.g., by citing suspicious deposition testimony they intend to challenge at trial) and they are therefore simply engaged in a "fishing expedition" in the hope of supporting their claim.

> **7.      Discovery Requests Pertaining to "Creditor Payments Already Made" and "Repairs Already Made" As Referenced in Settlement Agreement - Interrogatory Nos. 24 and 27.**

Interrogatory Nos. 24 and 27 request that Plaintiff "identify the Creditor payments already made" and the "Repairs already made" which are described in the Settlement and Release attached to the Plaintiff's Complaint.  Plaintiff responded/answered by pointing to business records which were produced during the deposition testimony of Mr. Quirk and Bruce Neldner.  In Defendants' Reply, Defendants have agreed to "withdraw the section of their

23

motion dealing with these discovery requests."  Defendants' Motion with respect to

Interrogatory Nos. 24 and 27 is therefore denied as moot.

**8.     Discovery Requests for Financial Information Dating Back to 2005 - Request for Production No. 31**

Request No. 31:        For the period 2005 to present, produce all of your federal tax returns (with all schedules and supporting documents), audited financial statements, unaudited financial statements, appraisals (of all or any portion of your business with all supporting documents), applications for credit (with all supporting documents), and applications for insurance (with all supporting documents).

Response:              Wagner objects to this Request for Production No. 31 inasmuch as the same calls for information which is neither relevant nor likely to lead to the discovery of admissible evidence.  It is further overly broad in subject matter and temporal scope and calls for the disclosure of highly confidential financial information of Wagner that has no relevance to any of the claims and defenses in this matter.

Defendants argue this request is made in light of their claims for punitive damages and is

therefore relevant.

Plaintiff restated its objection with respect to the request's broadness and confidentiality,

specifically stating that information dating back seven years is not informative on the issue of

Wagner's current worth.  Plaintiff further contends that tax returns are not discoverable "even

when a right to punitive damages is alleged" [Response at 14], and that Defendants have failed

to offer any specific analysis as to why Wagner's "appraisals, insurance applications and the

like" constitute evidence of net worth.  Notwithstanding its objections, Plaintiff supplemented its

Response to Request for Production No. 31 and provided a copy of its audited balance sheet for

the fiscal year end 2011.

No *prima facie* showing of punitive damages is required to justify discovery on that issue

if the requesting party generally shows that the claim for punitive damages is not spurious.

Defendants have alleged sufficient facts to claim punitive damages against the Plaintiff, claiming that Plaintiff made false representations regarding the condition of the Harvester at the time of purchase, as well as false representations regarding its designation as an authorized dealer of the Harvester and its ability to repair the Harvester.  Further, the Plaintiff has made no showing that Defendants' punitive damages claims are spurious.  Plaintiff in fact stated in its Response that it recognizes that New Mexico has adopted the general rule allowing discovery of a defendant's worth when assessing punitive damages.  To that end, Plaintiff produced a copy of Wagner's balance sheet for the fiscal year end 2011, constructively conceding relevancy.

Defendants' Motion regarding Request for Production No. 31 granted in part and denied in part.  The Court finds that the net worth of the Plaintiff is relevant to the issue of punitive damages, but also finds that discovery should be limited with respect to both subject matter and temporal scope.  Plaintiff is ordered to produce its balance sheets and any audited financial statements for the years 2009, 2010, 2011 and 2012 (when available).  If there are no audited financial statements, Plaintiff must produce its tax returns for 2009, 2010 and 2011.  Defendants are ordered to treat the information provided as confidential and protected pursuant to the Stipulated Protective Order [Doc. No. 133] filed on June 29, 2012.

### 9.     "Catch-All" Request for Production No. 36

Request No. 36:      Produce all other documents regarding the Harvester, Defendants, or this litigation which you have not already produced to Defendants.

Response:      Wagner objects to this Request for Production No. 36 as overly broad and calling for information which is neither relevant nor likely to lead to the discovery of admissible evidence. Notwithstanding and without waiving the foregoing objections, Wagner states that it believes that all such documents have been produced as part of the written discovery and depositions herein.

Defendants argue that Plaintiff's objection should be stricken because there is "no credible basis for the assertion that any documents relating to the Harvester in question, the defendants or this litigation could not reasonably lead to other matters that could bear on any issue that may be raised in this case."

Plaintiff contends that "[l]iterally thousands of pages of documents have been exchanged in the course of discovery in this matter, including documents produced pursuant to third party subpoenas to Cat, Inc. and Caterpillar Financial Services Corporation." [Response at 15.] Plaintiff further contends that many of these documents will "not be relevant and admissible at the trial of this matter" and therefore property preserved its relevance objection. [Id.]

Defendants' Motion regarding Request for Production No. 36 is denied.  While the relevancy objection has been constructively conceded based on Plaintiff's acknowledgment of the "thousands of pages" that have been produced, the Court agrees that the discovery request is overly broad and places an undue burden on Plaintiff given its "catch-all" nature.  Cumulative discovery requests may be denied when they lack any real potential for producing previously undiscovered material.  *Koch v. Koch Industries, Inc*., 1992 WL 223816, at *12 (D.Kan. Aug. 24, 1992)(unpublished opinion) (citing *Avirgan v. Hull*, 932 F.2d 1572, 1580 (11th Cir. 1991).

### B.    Sanctions

Defendants seek the imposition of sanctions against Plaintiff arguing "Wagner's paltry objections and non-responsive answers to so many discovery requests serve as a sufficient basis for awarding attorney fees incurred by the defendants for Wagner's failure to make proper discovery answers and responses." [Motion at 15.] Plaintiff contends that it in fact acted in good faith and that Defendants filed their Motion to Compel without attempting to resolve the issues

without court action. [Response at 17.] Plaintiff further contends that it was the Defendants who failed to make a good faith attempt to resolve their discovery disputes prior to filing their Motion to Compel.  Plaintiff details the communications between it and Defendants in which the filing of Defendants' Motion to Compel was discussed. [*See* Response at 16.]

Defendants' Motion regarding sanctions is denied.  Plaintiff's request regarding sanctions is also denied.  Reasonable expenses are to be awarded when a motion to compel discovery is granted or if the requested discovery is provided after the filing of the motion, unless the court finds that the motion was filed without the movant making a good faith effort to obtain the discovery, or that the opposing party's nondisclosure was substantially justified, or that other circumstances make the award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Here as noted, Defendants failed to confer in good faith *before* filing their Motion.  Since both sides made concessions in their briefing and Defendants' Motion was granted in part and denied in part, the Court cannot say that the "opposing party's nondisclosure, response, or objections" were not substantially justified.  Therefore, the Court will deny all requests for sanctions.  However, the parties and counsel for the parties are hereby advised and warned that any future failure to comply with the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure for the District of New Mexico, or the Orders of this Court will be met with sanctions.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Plaintiff's Answers to Defendants Second Interrogatories and Request for Production of Documents, to Strike Preliminary Statement, and For Sanctions is granted in part and denied in part as more fully set forth above.  Plaintiff will have twenty (20) calendar days from the filing of this order to comply.

**IT IS SO ORDERED.**

**ALAN C. TORGERSON**
**United States Magistrate Judge**