IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**WAGNER EQUIPMENT CO.,**

        **Plaintiff,**

v.                                          Court Cause No.:  11 CV466 MV/ACT

**JASON WOOD, Individually and
d/b/a PAMF EXCAVATION & LOGGING,
and PAMF EXCAVATION, LLC,**

        **Defendants.**

**REVISED AMENDED COMPLAINT**

COMES NOW Plaintiff Wagner Equipment Co., a Colorado corporation ("Wagner"), by its attorneys Rammelkamp, Muehlenweg & Cordova, PA (Shari L. Cordova), and states the following for its amended complaint against Defendant Jason Wood, individually and dba PAMF Excavation and Logging, and PAMF Excavation, LLC, a Washington limited liability company (the Defendants are referred to collectively herein as "PAMF").

**JURISDICTION AND VENUE**

1. Wagner is a Colorado corporation doing business in New Mexico.

2. Upon information and belief, Defendant Jason Wood is an individual who resided in the state of New Mexico at all times material hereto and who does business under the name PAMF Excavation and Logging.  Mr. Wood has engaged in business in New Mexico.

3. Upon information and belief, Defendant PAMF Excavation, LLC is a Washington limited liability company that has done business in New Mexico.

4. This case arises from transactions and events occurring in Bernalillo County, New Mexico.

**GENERAL ALLEGATIONS**

5. In October of 2010, PAMF purchased a Caterpillar 501 Harvester with FA00554 Harvester Head – Serial No. PH00605 (the "Harvester") pursuant to the terms of a Sales Contract and Security Agreement dated October 19, 2010.

6. PAMF used the Harvester in connection with certain logging operations it was engaged in near Raton, New Mexico.

7. PAMF experienced problems with the operation of the Harvester, which problems it contends caused PAMF to suffer certain economic damages, and PAMF made demand on Wagner for its alleged damages.

8. Wagner worked to make repairs to the Harvester, but PAMF expressed dissatisfaction with Wagner's repairs.

9. Ultimately, Wagner and PAMF, together with Cat Financial Services, Inc. (which financed the sale of the Harvester) and Cat Inc. (which manufactured the Harvester), had various discussions and negotiations regarding resolution of the alleged issues surrounding the Harvester and agreed upon terms and conditions of settlement of all such issues. The parties memorialized their settlement in a Settlement Agreement and Release, a copy of which is attached as Exhibit A.

10. As of April 5, 2011, Wagner had materially performed all of its obligations under the Settlement Agreement, including the obligation to perform certain additional repairs to the Harvester.

11. Nevertheless, on or about April 6, 2011, PAMF began to refuse Wagner access to the Harvester so that Wagner might complete certain testing and minor outstanding repairs.

12. In an email sent April 6, 2011, Wood and PAMF unilaterally declared the settlement agreement "nullified."

13. Through their declaration that the Settlement Agreement was "nullified," Wood and PAMF manifested an intention not to perform under, or be bound by, the Settlement Agreement.

14. Following their declaration that the Settlement Agreement was "nullified," Wood and PAMF renewed their damage claims against Wagner while simultaneously retaining the consideration they had received under the Settlement Agreement.

15. Around the time that PAMF and Wood declared the Settlement Agreement "nullified," they also took their complaints about the Harvester to Cat Inc., the manufacturer.

16. Cat Inc. agreed that it would cause certain additional repairs to be performed on the Harvester, and enlisted the assistance of Wagner to perform those repairs. Wagner in good faith, agreed to assist Cat Inc.

17. Before Wagner and Cat Inc. could complete the additional repairs, on or about April 22, 2011, PAMF began a campaign to slander the business name of Wagner, sending, by its own admission, as many as 115 emails to various media outlets, other Caterpillar dealers and customers or potential customers of Wagner, including, by way of example, the emails attached hereto collectively as Exhibit B.

18. In its emails, PAMF made several false and defamatory statements regarding Wagner, including statements about matters that had been resolved under the Settlement Agreement. PAMF's statements were willful and malicious.

19. PAMF's false and unprivileged statements tended to and did injure Wagner's business reputation among existing and potentially future customers.

20. By way of example, PAMF falsely and libelously stated that Wagner had caused PAMF to "lose a four million dollar contract" with Western Wood Products.

21. When asked about its alleged termination of PAMF's contract, Western Wood Products reported that it had *not* terminated the contract. On the contrary, it described PAMF's production as "phenomenal" and even told of the potential for PAMF to be awarded more work if it met the mill's production requirements. PAMF's statements to the contrary were patently false.

22. On June 8, 2011, Wood and PAMF filed a counterclaim against Wagner ("Counterclaim") (Doc. No. 8). Counts I through V of the Counterclaim assert contract-based claims for relief based on alleged flaws and problems with the Harvester.

23. Counts I through V of the Counterclaim fall within the scope of the Settlement Agreement, which provided, *inter alia*, that Wood and PAMF would release claims arising from the Harvester.

24. Wagner has incurred substantial damages, including but not limited to (i) attorney's fees and other litigation expenses incurred in defending against Counts I through V of the Counterclaim filed by Wood and PAMF; and (ii) loss of the amounts Wagner paid in

consideration for Defendants' promise not to pursue claims released under the Settlement Agreement.

### Count One:  Injunctive Relief

25.     Wagner restates and realleges the allegations in Paragraphs 1 through 24 of the Complaint and incorporates the same herein.

26.     PAMF has expressed a specific intention to continue to defame Wagner's business name and reputation.

27.     Upon information and belief, absent a court order prohibiting it from doing so, PAMF will continue to publish false statements in an effort to undermine the reputation and business of Wagner.

28.     Wagner will suffer irreparable harm and injury if PAMF is not restrained from engaging in the above-described conduct in the form of money damages, damaged public image and reputation, attorneys' fees and costs.

### Count Two:  Business Defamation

29.     Wagner restates and realleges the allegations in Paragraphs 1 through 28 of the Complaint and incorporates the same herein.

30.     PAMF's false statements have wrongly caused injury to Wagner's reputation and good will by asserting, *inter alia,* that Wagner had a hand in causing PAMF to lose a $4 million contract when in fact, the contract was still in effect at the time of the statements.

31.     PAMF published its false statements with the malicious intent to injure Wagner's reputation.

32.     Wagner's business reputation and good will have been damaged as a proximate result of PAMF's maliciously false statements to suppliers, business associates and existing and potentially future customers for Wagner products and services.

### Count Three:  Breach of Contract

33.     Wagner restates and realleges the allegations in Paragraphs 1 through 32 of the Complaint and incorporates the same herein.

34.     PAMF's actions described herein, including suing Wagner for claims that had been released by the Settlement Agreement, constitute breaches of the Settlement Agreement and Release.

35.     Wagner has suffered damage as a proximate result of PAMF's breach, including but not limited to attorney's fees and other litigation expenses incurred in defending against Counts I through V of the Counterclaim filed by Wood and PAMF.

36.     Wood's repudiation of the Settlement Agreement entitles Wagner to recover damages for a total breach of the parties' agreement.  Such damages include, but are not limited to, the monetary amounts paid by Wagner to Wood and PAMF under the Settlement Agreement.

37.     Alternatively, Wagner is entitled to specific performance of Wood's and PAMF's obligations under the Settlement Agreement.

**WHEREFORE** Plaintiff, Wagner Equipment Co. prays for judgment against Jason Wood, individually and d/b/a PAMF Excavation and Logging and PAMF Excavation, LLC as follows:

A.     for an injunction against Jason Wood, individually and dba PAMF Excavation and Logging and PAMF Excavation, LLC enjoining them preliminarily during the

pendency of this action and permanently thereafter from in engaging in the complained of conduct;

B. For specific performance of Wood's and PAMF's obligations under the Settlement Agreement;

C. for damages suffered by Wagner as a result of PAMF's actions, breaches and false statements;

D. for an award of punitive damages against the Defendants;

E. for Wagner's attorneys' fees and costs incurred in bringing this action; and

F. for such other and further relief as the Court deems just and proper.

Respectfully Submitted by,

RAMMELKAMP MUEHLENWEG & CORDOVA, P.A.
Attorneys at Law


By:   /s/Shari L. Cordova
      Shari L. Cordova
      Elizabeth A. Heaphy
      Lindsay K. Griffel
      Sun Valley Commercial Center
      316 Osuna Road NE, Unit 201
      Albuquerque, New Mexico  87107
      (505) 247-8860
      *Attorneys for Wagner Equipment, Co.*

**CERTIFICATE OF SERVICE**

I DO HEREBY CERTIFY that I have caused to be served a true and correct copy of the foregoing Amended Complaint to be served via the CM/ECF system of the United States Federal Court on January 31, 2013 to the following:

>David A. Streubel, Esq.
>Streubel Kochersberger Mortimer, LLC
>320 Gold Ave. SW #610
>Albuquerque, NM  87102-3299
>(505) 848-8581 / (505) 848-8593
>dstreubel@skm-law.com
>*Attorneys for Defendants*

   /s/Shari L. Cordova
Shari L. Cordova
Elizabeth A. Heaphy
Lindsay K. Griffel
Sun Valley Commercial Center
316 Osuma Rd NE, Unit 201
Albuquerque, NM  87107
505/247-8860
*Attorneys for Wagner Equipment Co.*

G:\DATA\LAWFIRM\1919\2011012\00198439.DOCX